N. B. COOK, PLAINTIFF IN ERROR, VS. YANCEY S. COOK, DEFENDANT IN ERROR.

1. An order that a cause stand dismissed at plaintiff's cost, there having been no service of process upon the defendant, is a final disposition of the matter to which a writ of error lies.

2. Under rule thirteen (13) of the Rules of Practice of the Circuit Courts a declaration is required to be filed on the rule day upon which the defendant is required to appear by a summons duly served and returned. Until service and return of process no declaration is required to be filed.

Writ of Error to Circuit Court for Escambia county.

The order of dismissal, after stating the court and the title of the case, is as follows:

The plaintiff having failed to file a declaration herein on the next succeeding rule day to which suit was brought, as required to do by rule 13, the case, therefore, stands dismissed at said plaintiff's cost.

F. E. DE LA RUA,

June 6, 1881. Clerk Circuit Court.

The other facts of the case are stated in the opinion.

*E. A. Perry* for Plaintiff in Error.

*J. E. Yonge* for Defendant in Error.

Mr. Justice Westcott delivered the opinion of the court.

This case involves the question as to what constitutes a final judgment and the construction of Rule 13 of the Rules of Practice in the Circuit Courts of this State in common law actions. This rule provides that "all declarations shall be filed on or before the rule day to which the process is made returnable. If not thus filed no default for want of appearance shall be entered. If the declaration is not filed on the next succeeding rule day thereafter the case shall stand dismissed at the cost of plaintiff, and the clerk shall enter an order accordingly. If it is filed upon or before that day the defendant shall be held to enter his appearance upon that day, and the cause shall proceed in all respects as if that had been the original day for the return of the process."

In this case the præcipe was filed on March 2, 1881, and on the same day a summons *ad respondendum* was issued returnable to the 4th day of April, that being the next rule day thereafter having ten days intervening between it and the date of the issuing of the summons. On the 12th of March the writ was returned unexecuted, the sheriff stating in his return that " Y. S. Cook resides out of the State," and on the 28th of March an alias summons was issued returnable to the rule day in May. This, because of loss or otherwise, does not appear among the papers in the clerk's office. On the June rule day, no declaration having been filed, the clerk entered an order that the case stand dismissed at plaintiff's cost. The plaintiff at a subsequent term of the court moved the court to set aside this order. This motion was denied, and a writ of error is now prosecuted to review the action of the clerk and the order in term.

It is insisted first that this is no final judgment. If this is correct then this appeal must be dismissed, as a writ

of error in a common law action does not lie to any other than a final judgment. It is true that the order of dismissal here is not drawn up technically in strict conformity to the form of common law entry of dismissal, but such technical accuracy is not required. It is necessary that the action taken finally disposes of the case, and looking to the statute (Chap. 1938, Laws,) and the rule made thereunder, the order here is a final disposition. The authorities, abundantly sustain this proposition. (See Freeman on Judgments, §17, and cases cited; 3 Otto, 113.) It was not necessary here that the entry should state that the defendant go hence, &c., or that it should be for any costs expended in this behalf by him, because he had not been served with summons, and could not have expended any moneys for costs. We think the difference between this case and the case cited in support of the view that this is not a final judgment is plain.

In the case of Myerson vs. Home Insurance Company, 15 Fla., 574, the appeal did not reach the order of the clerk dismissing the cause. Here the writ of error does. In Coons vs. Harllee, 17 Fla., 484, there was no judgment for plaintiff or defendant. In McKinnon vs. McCollum, 6 Fla., 376, there was a bill of exceptions, but nothing purporting to be a final judgment. In the City of St. Augustine vs. Usina, there was a judgment upon the demurrer with leave to plead over.

This court having jurisdiction of this writ of error, the only question remaining is, whether under the rule the plaintiff, failing to file his declaration on the next succeeding rule day to that at which the summons was made returnable, the clerk, in a case where there was no service of the writ, should have entered an order of dismissal. In other words, is the requirement in the first clause of the rule that "all declarations shall be filed on or before

the rule day to which the process is made returnable," to be given operation according to its literal signification, and does it mean that such declaration shall be filed in a case where there is no service of process and no defendant to declare against?

This clause must be construed with reference to the succeeding parts of the rule, to the statute under which the rule was made, to other rules having a bearing upon the subject, and the common law principles of practice in this behalf.

The next clause in this rule declares the immediate consequence of a failure to file the declaration on the rule day to which the process is made returnable to be that *no default for want of appearance* shall be entered, and as no default for want of appearance can be entered, except where there has been service of process, it is clear beyond question, construing the two clauses together, that the rule day contemplated for the filing of the declaration is a rule day upon which such a default may be entered, and that is a rule day to which a writ is duly served and returned. If the first clause of the rule is absolute in the requirement that a declaration shall be filed on the rule day to which the writ is returnable, independent of the matter of the service, then the second clause, which, in the event of the filing of the declaration, authorizes the entry of a default for want of an appearance not in terms requiring any service of process as necessary to an appearance, would, with like construction, authorize a default without service of process. It seems to us clear that the two clauses refer to a rule day following a service of process. If this be so, then " the next succeeding rule day thereafter " in the next clause of the rule upon which the declaration is required to be filed or the case shall stand dismissed, is a rule day succeeding a rule day to which a writ has been served and re-

turned.   Indeed, upon a careful examination, we cannot see the least room for doubt in the matter, because under the rule a default for want of appearance is contemplated to be possible anterior to the rule day designated by the terms "next succeeding rule day," and that could only be where there had been process served and returned.

Again, the next clause in the rule provides that if the declaration is filed upon or before that day, that is the next succeeding rule day, the defendant shall be held to enter his appearance upon that day, and that the cause shall proceed in all respects as if that had been the original day for the return of the process ; and it is evident that if the " the next succeeding rule day " is a day anterior to which there has been no service, as defendant in error contends, then clearly a defendant is required to enter his appearance before there has ever been any service of process upon him, and the cause is to proceed against him without notice.

By reference to rule 14 we find that it, if construed without reference to the elementary and fundamental principle of law that a person is entitled to notice, actual or constructive, before he can be required to answer, requires a defendant to plead before service of the writ.   Section 6, of Chapter 1938, Laws, provides that " the defendant or defendants shall enter his, her or their appearance on the return day of the writ or summons ; * * * and if the defendants shall fail to appear on the return day of the writ or process, the plaintiff may cause a default to be entered by the clerk against the defendant or defendants."   There is no literal requirement here that there shall be service of process before default can be entered, and yet in view of the elementary principle of law stated, which it is to be presumed was in the mind of the Legislature, it is clear that the return day meant by the words " return day of the

writ or process " was a return day upon which the defendant had been, by process served and returned, required to appear. In like manner construing the words " rule day to which the process is made returnable," in the first clause of rule 13, in view of this fundamental right of notice, before a defendant can be required to appear and plead, and in view of the provisions of the other clauses of the rule, we can entertain no doubt that they mean, when they occur in the first clause of the rule, the same thing that they evidently do in Section 6 of the statute, that is a rule day to which there has been process served and returned.

Any discussion of the subject from analogies derived from the common law practice in the matter of filing a declaration we deem unnecessary, beyond saying that they all support the construction we give the rule.

The order denying the motion to set aside the order dismissing this cause is vacated; the order of dismissal is reversed and set aside, and the cause will be remanded with leave to plaintiff to perfect service by summons or publication, as the case may be, and for further proceedings by the Circuit Court consistent with this opinion, conformable to this judgment, and in accordance with law.