JOSEPH ZAPF, PLAINTIFF IN ERROR, v. B. F. LASSETER AND
   E. J. LASSETER, PARTNERS AS B. F. LASSETER & COMPANY,
   DEFENDANTS IN ERROR.

Where an application for rehearing of a motion to vacate a
       default is made after the motion to vacate had been
       denied, and more than sixty days after the entry of the
       default, an order granting the rehearing and opening the
       default on such application is erroneous.

This case was decided by Division A.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the
Court.

*M. C. Jordan* and *Seymour & Atkinson*, for Plaintiff in
Error.

*Geo. A. Worley*, for Defendants in Error.

WHITFIELD, J.:  The plaintiff in error brought an action
of assumpsit in the circuit court for Dade county.  The
declaration, containing one special count and common
counts, was filed August 7, 1905, on which day defendants
appeared.  A default for failure to plead was entered
November 6, 1905, and on November 25, 1905, final judg-
ment was entered as follows:  "And now again this 25th
day of November, 1905, come the plaintiff, by his attorney,
R. H. Seymour, and move for a final judgment, and pro-
duce the notes and sworn statement of account and affi-
davit of Oscar Seewald, a member of said firm, setting
forth that the defendants, B. F. Lasseter and E. J. Las-

seter, partners doing business as B. F. Lasseter & Co., are justly indebted to the plaintiff, Joseph Zapf, which said notes, sworn statement and affidavit are filed in the cause, and the clerk ascertained that there is due to the plaintiff for principal $1250.00 and for interest $109.72, and it appearing that the summons was duly served on July 28th, 1905, and that a default was afterwards duly entered on the 6th day of November, 1905, against the said B. F. Lasseter & Co., who failed to plead to the plaintiff's declaration, thereupon it is considered by the court that the plaintiff recover of B. F. Lasseter and E. J. Lasseter, partners doing business under the firm name and style of B. F. Lasseter & Co., the defendants, the sum of thirteen hundred fifty-nine dollars and seventy-two cents for damages, besides court costs now here taxed at $7.44, and that the said plaintiff have execution thereof.

A. K. Dearborn, Clerk,

Seal of Court.    By J. L. Pherigo, D. C."

On November 23, 1905, a motion was filed to open the default and to set aside the final judgment on the grounds (1) that after a demurrer to the declaration was overruled and defendants given till October 15th to plead, a motion to require the plaintiff to elect upon which count of his declaration he would rely was approved by the court and filed in open court on October 12th, before the default was entered; (2) that defendants were not negligent, not in laches and not in default; ( 3) that defendants have a meritorious defense and intend to defend when the pleadings are made up; (4) that the judgment was entered without the requisite statutory proof.

On December 22nd, 1905, the court made the following order on the motion: "The 'motion to elect' was filed inadvertently by the court without his attention being called

to the former ruling on the demurrer and without the files in the case being presented; and it is therefore and since it raises the same questions dealt with under the demurrer, treated as a nullity, and the within motion is denied. To which ruling the defendants except.

Done and ordered at Chambers at Titusville, Florida, December 22nd, 1905.                Minor S. Jones, Judge."

On January 16, 1906, more than sixty days after the entry of the default on November 6, 1905, the defendants filed a motion "for an order for re-argument of the motion filed by the defendants to set aside the default and open up the judgment herein rendered" upon the grounds substantially as stated in the motion previously denied. The motion also states that several proposed pleas and an affidavit were tendered with the motion. The bill of exceptions does not contain the pleas or affidavit.

On January 23rd, 1906, the court made the following order: "In this cause the motion to rehear is granted and on a rehearing being had, it is ordered that the default be opened and set aside and that the defendants be allowed within five days, to file the pleas to the merits tendered by him at this hearing on the terms that they pay all the costs to which the plaintiff has been put up to this day.

In vacation at Titusville, Florida, Jany. 23rd, 1906.
                                Minor S. Jones, Judge,"

A trial was had, judgment was rendered for the defendants and the plaintiff took writ of error. Among the errors assigned are the granting of a rehearing of the application to vacate the default and to set aside the judgment, and the "granting of the motion to open and set aside the said judgments."

16—S C

The statutes and rules contain the following provisions: "The defendant shall file his plea or demurrer on the rule day next succeeding that upon which the declaration is filed, unless, upon motion, further time be given by the court." Section 1030, Rev. Stats. of 1892, Section 1418, Gen. Stats. of 1906.

"The Court or Judge, upon disposing of any demurrer, otherwise than by final judgment, may make an order fixing the time   *   *   *   in which the next and subsequent pleadings  *  *  *  in the cause shall be filed by the parties. In case of default in pleading  *  *  *  in conformity to the order of the Judge, the Clerk shall enter the same; and shall, upon the next rule day thereafter, enter such judgment as would be consequent upon such default in pleading under the rules in other cases." Rule 29 of the Rules of the Circuit Court in Common Law Actions.

"If the defendant   *   *   *   shall fail to plead or demur, at the time hereinbefore provided, or at the time fixed by the court  *  *  *  the plaintiff may cause a default to be entered by the clerk against the defendant, and thereupon he may proceed to take final judgment, as hereinafter provided." Section 1032, Rev. Stats. of 1892, Section 1422, General Statutes of 1906.

"Upon the entry of any default for  *  *  *  want of demurrer or plea in any suit for the recovery of money founded upon contract, if the action is on a written instrument for the payment of money, the plaintiff at any time after such default may on the production and filing of such instrument cause final judgment to be entered for the amount thereof, with interest, and the clerk of the court  *  *  *  shall assess the amount which the plaintiff is entitled to recover for the principal and interest, and enter up judgment for the same, upon which judgment

execution shall issue immediately unless otherwise ordered by the court. And if the action is upon an open account or other contract for the payment of money not in writing, upon the entry of a default as aforesaid, the clerk * * * shall ascertain the amount which the plaintiff is entitled to recover in such action for the examination of the plaintiff under oath, or other proofs by affidavit or otherwise, and enter up judgment for the amount so assessed or ascertained, upon which judgment execution shall issue as aforesaid." Section 1035, Rev. Stats. of 1892, Section 1425, Gen. Stats. of 1906.

"The court may, for good cause shown upon any default for want of appearance or plea, set aside such default, and allow the defendant to demur or plead within a period of time to be fixed by the said court, but the application therefor must be made within sixty days from the time of the entry of such default, unless a term of the court shall in the meantime be held, when such application must be made during such term." Section 1034, Rev. Stats. of 1892, Section 1424, Gen. Stats. of 1906.

Except as it is referred to in the motion to vacate and the order made thereon the record here does not show that a motion or pleadings of any character was on file or had been presented in the cause when the default was entered. The motion to vacate the default recites that the defendants "within the time allowed by the court, filed their motion in said cause to require the plaintiff to elect upon which count of his declaration he would rely, which said motion was, by this court, approved and filed in open court on the 12th day of October, A. D. 1905, and also filed by the clerk of the court in said cause." The order of the court denying the motion to vacate the default states that: "The motion to elect was filed inadvertently

by the court without his attention being called to the former ruling on the demurrer and without the files in the case being presented; and it is, therefore, and since it raises the same questions dealth with under demurrers treated as a nullity."

The propriety of the order refusing to open up the defualt is not questioned on this writ of error.

On January 16, 1906, more than sixty days after the entry of the default on November 6, 1905, the defendants "moves and petitions" the trial court "for an order for a re-argument of the motion filed by the defendants to set aside the default and open up the judgment."

Under the statue above quoted the application for opening defaults "must be made within sixty days from the time of the entry of such default unless a term of the court shall in the meantime be held, when such application must be made during such term." It does not appear that a term of the court was held between the entry of the default and the motion to vacate. The statute makes no provision for an application for a rehearing of a motion to vacate a default, but provides that such motion to vacate "must be made within sixty days from the time of the entry of such default." Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563. The denial of a motion to vacate a default and judgment affects substantial rights of the parties to the suit, and is *res adjudicata* Mabry v. Henry, 83 N. C. 298. The application for re-argument of the motion to vacate the default, made after the motion to vacate had been denied and sixty days from the entry of the default, should not have been entertained by the court, where the default and judgment are regular and in accordance with law. This is not an application to strike from the records a void default and judgment, but it is an

application to re-argue a motion to vacate a default and set aside a judgment on the ground of irregularities . It does not appear that a pleading was on file when the default was entered, and the judgment is apparently regular, so the default and judgment are apparently not void. If the default and judgment be merely irregular or erroneous because the authority of the clerk was mistakenly exercised they could have been reversed or vacated upon direct proceedings for that purpose taken within the time allowed by the statute. Lord v. Dowling, 52 Fla. 313, 42 South. Rep. 585.

The order granting the application for a rehearing of the motion to vacate the default, made after the motion to vacate had been denied, and more than sixty days after the entry of the default, and opening the default on such application made more than sixty days from the entry of the default, is erroneous.

The judgment is reversed and the cause is remanded, with directions that the orders vacating the default and final judgment in favor of the plaintiff below be set aside and the default and final judgment in favor of the plaintiff below be reinstated.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.