T. W. HEWITT, as Administrator of the Estate of Freida
Hewitt, deceased, *Plaintiff in Error*, v. INTERNATIONAL
SHOE COMPANY, a corporation, PETERS SHOE COMPANY,
a corporation, *et al., Defendants in Error.*

148 So. 533.

Opinion filed May 3, 1933.

*Blackwell & Gray,* for Plaintiff in Error.

*Snedigar & Baya,* for Defendants in Error.

DAVIS, C. J.—Plaintiff in error, hereinafter referred to in
this opinion as the plaintiff, on the 5th day of May, 1932,
filed his suit against the defendants in error, hereinafter re-
ferred to in this opinion as the defendants, in the Circuit
Court of Dade County, Florida, on the common law side
thereof, seeking to recover damages for personal injuries to
Freida Hewitt, now deceased. It is alleged in the declara-
tion that Freida Hewitt was riding in an automobile driven
and operated by W. I. Bates, as a gratuitous guest, passenger
and invitee of said W. I. Bates, also now deceased.

38

On the 20th day of July, 1932, an order was entered by the court below requiring the defendants to file their pleas to the declaration of the plaintiff on or before the rule day in August, 1932. However, before the rule day in August, 1932, and on the 27th day of July, 1932, the defendants presented to the court below their petition for the removal of said cause to the United States District Court in and for the Southern District of Florida, together with their notice of intention to present said petition and removal bond, which said bond was approved by the clerk of the court below. Thereafter, on the 27th day of July, 1932, the lower court entered an order denying the petition of the defendants for the removal of said cause to the United States District Court. Subsequently, the defendants filed in the United States District Court a proper transcript of the record of the proceedings had in the court below.

. The defendants did not file in the state court the pleas which the order of the state court required them to file on the rule day in August, and accordingly a default judgment was entered on that date against said defendants by the clerk of the Circuit Court. Thereafter, on August 17, 1932, the defendants filed their motion to vacate said default judgment. Tendered with said motion were certain proposed pleas. This motion came on for hearing and the lower court on September 27, 1932, entered an order denying the motion to vacate default, and refusing leave to file the pleas.

The Spring Term of the Circuit Court ended on November 7, A. D. 1932, and on November 8, A. D. 1932, the Fall Term of said Court began. This term ended February 13, A. D. 1933. The clerk certifies that no special or extraordinary term of Court was called, convened or held between the 2nd day of August, 1932, and the 8th day of November, 1932. See Section 4819 C. G. L., 3052 R. G. S., for statutory terms of the Circuit Court of Dade County.

On November 17, 1932, the United States District Court made an order remanding the case to the State Court. This was therefore an order filed in the cause on a day within the Fall Term. On November 1, 1932, the State Court had made an order setting December 5, 1932, as the date for the trial of the cause on default. On December 3, 1932, the defendants, who were then in default, and who had been in default since August 2, 1932, filed a motion to vacate the order of September 27, 1932, which order of September 27, 1932, had refused to vacate the default of August 2, 1932.

The latter motion was objected to by plaintiff on the ground that (1) the motion to vacate the default was made more than sixty days after the entry of the default and was therefore in violation of Section 4287 C. G. L., 2621 R. G. S. (2) that no showing was made that the order of September 27, 1932, had been improperly made or entered; (3) that the defendants were in contempt of court for failure to answer statutory interrogatories as provided by Section 4406 C. G. L., 2734 R. G. S.; (4) that it affirmatively appeared from the record that defendants were and had been trifling with the Court.

The Circuit Judge thereupon entered the following order which is assigned as error on this appeal:

"This cause coming to be heard before me upon the motion of the defendants filed in this cause on December 3rd, 1932, to vacate a previous order of this court entered on to-wit: the 27th day of September, 1932, wherein and whereby a previous motion to said defendants filed in this cause on August 17th, 1932, to vacate the default judgment entered against said defendants on August 2nd, 1932, and for permission to said defendants to file pleas proffered with said motion was denied, and this cause also coming on to be heard upon the motion of the defendants filed in this cause on August 17th, 1932, to vacate and set aside the default

■■■■■■■■■■■■■■

judgment entered against, said defendants on August 2nd, 1932, and for permission to said defendants to file pleas proffered with said motion and it appearing to the court that a term of this court has not been held between the date of the entry of said default judgment and the filing of both of said motions, and that said motions were filed at the same term wherein and whereat said default judgment was entered and that said term has not yet expired or ended, and it further appearing to the court that the rights of the defendants will be prejudiced if they are denied the right and privilege of filing the proffered pleas and the Court being duly advised in the premises, after argument of counsel for the respective parties hereto,

"IT IS THEREUPON CONSIDERED, ORDERED AND ADJUDGED that the motion of the defendants filed in this cause on December 3rd, 1932, to vacate the previous order of this court entered on to-wit; the 27th day of September, 1932, be and the same is hereby granted and that said order of this court entered on September 27, 1932, as aforesaid be and the same is hereby rescinded, cancelled and declared null, void and of no effect and

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the motion of the defendants filed in this cause on August 17th, 1932, to vacate the default judgment entered against said defendants on the 2nd day of August, 1932, and for permission to file pleas of the respective defendants to the declaration, proffered with said motion, be and the same is hereby granted, and said default judgment entered in this cause on August 2nd, 1932, be and the same is hereby declared to be null and void and of no effect, and said defendants be and they are hereby allowed to file instanter the original pleas, true copies of which are proffered with and attached to said motion of said defendants filed in this cause on August 17, 1932, as aforesaid.

"DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of January, 1933.

"WORTH W. TRAMMELL,
"*Judge.*"

The judgment to which the writ of error was sued out is as follows:

"It appearing to the Court that the plaintiff has declined to join issue on the defendant's pleas in the above entitled cause, and has declined to proceed further herein, and it further appearing to the Court that defendants are entitled to judgment *non prosequitur*, is is therefore,

"CONSIDERED, ORDERED AND ADJUDGED that judgment be and the same is hereby rendered in favor of the defendants and against the plaintiff, for want of prosecution. It is further ordered that the plaintiff take nothing by his plaint herein and that this cause stand dismissed at the plaintiff's cost, now and here taxed at $ None.

"DONE AND ORDERED at the Court House in Miami, Florida on this the 4th day of January, A. D. 1933.

"WORTH W. TRAMMELL,
"Circuit Judge."

The case is now before us on defendant in error's motion to dismiss the writ of error on the ground that a judgment of *non prosequitur* against a plaintiff is not a final judgment from which a writ of error will lie under Section 4606 C. G. L., 2901 R. G. S. That Section and Section 4615 C. G. L., 2905 R. G. S., read as follows:

"4606 (2901) FINAL JUDGMENTS.—Writs of error shall lie only from final judgments, except as specified in Section 4615."

"4615. (2905) WRITS OF ERROR FROM ORDERS GRANTING NEW TRIALS.—Upon entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ

of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail."

It will thus be seen that the real controversy presented by this writ of error is whether or not the Court exceeded or improperly exercised its authority under the law, by opening on January 3, 1933, a default which had been duly entered on August 2, 1932, more than sixty days prior to the order vacating the default and permitting pleas to be filed. To lay a predicate for presenting the controversy to this Court the plaintiff below refused to join issue on pleas which he contended had been improperly permitted to be filed, and in consequence thereof the Court below by reason of plaintiff's refusal to proceed, has entered judgment holding that the "defendants" (not the plaintiff) are "entitled" to judgment *non prosequitur.*

This Court has held that an order that a cause stand dismissed at plaintiff's costs, there having been no service on the defendants, is a final judgment to which a writ of error lies. Cook v. Cook, 18 Fla. 634. In that case the plaintiff's cause was dismissed by the clerk for failure to file his declaration within the time required by a rule of court and it was held that an order entered in term denying plaintiff's motion to vacate the clerk's order of dismissal was a final judgment to which a writ of error could be prosecuted. It was there held that where the order to which the writ of error was sued out constituted a final disposition of the cause, the judgment was a final judgment within the purview of the statute providing that writs of error shall lie only to final judgments.

In Cook v. Cook, *supra,* the dismissal entered was for plaintiff's failure to follow up his institution of a suit at law by filing his declaration when required so to do, or in other words for his *non prosequitur* of the case by appropriate pleadings. In this case the judgment entered by the Court on January 4, 1933, was expressly stated in terms to be "in favor of" the defendants and "against" the plaintiff for want of prosecution.

In Cook v. Cook, *supra,* plaintiff's suit was involuntarily dismissed because he failed to file his declaration at a time when he was insisting that under the law as he construed it, no duty rested upon him to file such declaration. In the case now before us, the dismissal was also involuntary in the same sense that the dismissal in Cook v. Cook, *supra,* was involuntary, because it was predicated upon plaintiff's failure and refusal to join issue on pleas, which pleas he was insisting that he had a right to have disregarded.

And in both cases it is evident that while the plaintiff was by the nature of things compelled to *submit* to the ruling of the court of which he complained, that in neither case did he voluntarily *accept* such ruling as correct, nor agree to abide by it in the sense that it can be said that his refusal to proceed in obedience to the ruling constituted a *voluntary* abandonment of his suit simply because the Circuit Court compelled him to either proceed in accordance with the Court's ruling, or not proceed at all, and he elected to choose the latter course under the circumstances because he had no other alternative under his theory of the case.

To constitute such final judgment as will support a writ of error, it is not necessary for plaintiff to have suffered the judgment complained of through the knowledge, insistence or procurement of the defendants in the case. In Cook v. Cook, *supra,* the plaintiff's suit was involuntarily dismissed

before any service of process was made on the defendant. So if that case be regarded as authority on the subject of what is an appealable judgment, the defendants' connection in this case with the procurement of the involuntary judgment of *non prosequitur* that was entered by the Court because of plaintiff's refusal to proceed under particular circumstances regarded by him as prejudicial to his legal rights in the premises, is likewise immaterial.

Dismissal signified the final ending of a suit, not a final judgment on the controversy, but an end of that proceeding. 18 C. J. 1145. A *non prosequitur* is a form of dismissal judgment which is entered against a plaintiff by reason of his failure to continue the suit from time to time as he ought. A *nolle prosequi* is an acknowledgment or agreement by the plaintiff that he will not further prosecute the particular person or cause of action. Andrew Stephens on Pleading (2nd Ed.) page 240; Tidd's Practice, Vol. 1, 412, 646. In State *ex rel.* Croker v. Chillingworth, 106 Fla. 323, 143 Sou. Rep. 346, it was held that a judgment entered in term time dismissing an action at law, although not involving the merits, was a sufficient final disposition of the suit to deprive the Court of jurisdiction to reinstate the case after the expiration of the term.

We therefore hold that a judgment of *non prosequitur* entered by a Circuit Court against a plaintiff for his refusal to proceed with his pending suit in compliance with the court's adverse rulings against plaintiff on the pleadings or other steps in the cause, is in effect an involuntary judgment of dismissal against the plaintiff for his default; in so failing or refusing to further plead or proceed, and as such, by putting an end to the litigation in the Circuit Court insofar as that suit is concerned, entitles the complaining plaintiff to maintain a writ of error to the judgment of *non prose-*

*quitur,* in order to obtain a review of the adverse rulings which occasioned plaintiff's refusal to further plead or proceed.

For the reasons stated, the motion to dismiss the writ of error in this case is denied.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., concurs specially.

ELLIS, J. (Concurring).—I conceive the only question in this matter to be whether the writ of error should be dismissed as having been directed to a judgment not final in character. If it was not a final judgment the writ of error should be dismissed; if it was a final judgment the writ should not be dismissed.

I am not concerned about the pleas which defendant interposed, whether they were meritorious or filed within the time prescribed by law, nor do I deem it to be material that the plaintiff took issue with the court as to the propriety of allowing the pleas to be filed in the circumstances disclosed by the record. The plaintiff was given an opportunity to reply to them and declined to do so.

The record discloses that the plaintiff "declined to join issue of the pleas." A judgment was entered called a judgment *non prosequitur.* In fact it was not such a judgment, notwithstanding the name given to it. On the other hand it was a final judgment in that it was one in "favor of the defendants and against the plaintiff" for want of prosecution. Then follows in the judgment that which gives it finality as follows: "It is further ordered that the plaintiff take nothing by his plaint herein and that this cause stand dismissed at the plaintiff's cost." The nature or character of a thing cannot be fixed by merely giving it a name. It must be classed according to its properties or elements.

According to Tidd's Practice, Vol. 1, p. 458, a *non-prosequitur* and non-suit mean the same thing. At common law there was no such thing as a non-suit. It was nothing more than a mere declaration by the court that the plaintiff had made default in appearing at the trial to procure his suit. Prosyer v. Minors, 7 Q. B. Div. 329. Practically the same meaning is given to the term under the statutes. Herrik v. Pritz, 6 Ill. App. 208; Webster's International Dictionary.

The judgment in this case was more than a discontinuance or voluntary dropping of the case by plaintiff. It was a judgment against him that he recover nothing on his declaration and the cause be dismissed at his cost.

The end to be attained by the writ of error may be a correction of the judgment so that the plaintiff may if desired bring another action, but I do not consider that the merits of the pleas may be determined in this case.

I agree that the motion to dismiss be denied.