State, *ex rel.,* George P. Garrett v. John B. Johnson, Circuit Judge.

150 So. 239.
151 So. 315.

Opinions Filed September 27 and November 28, 1933.

*G. P. Garrett,* in *propria persona.*
*Zorah B. Close,* for Respondent.

PER CURIAM.—Where in a suit at law it is determined by the Judge of the Circuit Court in which the case has been instituted that such Court is without jurisdiction to proceed therein, and that the cause should therefore be dismissed at plaintiff's costs, and an order of dismissal is accordingly entered, dismissing the suit at law solely because of the Circuit Court's finding of its own lack of jurisdiction and for no other cause, such an order being final in its nature, may support a writ of error. But inasmuch as a writ of error may not in such cases be a speedy and adequate remedy, though a plain one, mandamus from the Supreme Court will also lie to test the jurisdiction of the Circuit Court, and to require such Circuit Court to vacate its orders of dismissal as authorized, if on consideration of the question of jurisdiction, the Supreme Court determines that dismissal for lack of jurisdiction was improperly ordered in the Circuit Court.

Mandamus is a remedy correlative to that of prohibition as a means of testing jurisdiction in pending cases.

If, in this case, prohibition would lie to restrain jurisdiction had the order been the reverse of what it was, that is to say, had the Circuit Court's order been that the cause should not be dismissed because the court did have jurisdiction, then mandamus as a corresponding remedy for a contrary order will lie to test the correctness of the order that was made, holding that the Circuit Court did not have jurisdiction, since both mandamus and prohibition are remedies available in an appellate court of superior jurisdiction, to control and supervise the exercise of jurisdiction by courts having final appellate jurisdiction to decide the jurisdictional questions involved.

The motion to quash and the demurrer to the alternative

writ are each overruled, with leave to respondent to file an answer to the alternative writ herein within ten days.

. DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

Opinion Filed November 28, 1933.

. DAVIS, C. J.—By an opinion filed herein on September 27, 1933, the respondent's demurrer to the alternative writ of mandamus and the motion to quash same herein were overruled. This case is now before us on relator's motion for a peremptory writ notwithstanding the respondent's return, which was subsequently filed.

Briefly stated, the object of this proceeding is to require the Judge of the Second Judicial Circuit to vacate an order dismissing a common law action for want of jurisdiction, and ordering that the said Circuit Judge reinstate the cause and proceed to determine the same. The suit at law that this proceeding seeks to have reinstated and tried in the Circuit Court of Leon County is one wherein the relator, George P. Garrett, seeks to recover of and from the Comptroller of the State of Florida, with respect to the assets of the defunct Bank of Okeechobee, a judgment in the sum of $2,406.21 to be ordered paid out of the assets of said Bank of Okeechobee now in the hands of the Comptroller and his liquidator for purposes of liquidation.

. Suits at law for the recovery of items of indebtedness claimed against the Comptroller with respect to his liquidation of State banks whose assets have come into his hands for liquidation purposes pursuant to law, may be instituted, maintained and carried to judgment against the Comptroller, or his liquidator, by proceedings at law analogous to those maintainable against executors or administrators, wherein the judgment, when recovered, only becomes binding in law

upon the assets in the representative's hands which are subject to being impressed with the costs and expenses of the estate's administration. See State *ex rel.* Jackson v. Lee, Comptroller, decided November 9, 1933, at the present term, 150 So. 727.

A judgment recovered in any such action at law against the Comptroller or his liquidator, or against both, would not be a personal judgment against the defendant Comptroller or liquidator, nor a judgment against the State of Florida. Such a judgment would simply be a final legal adjudication of the amount of claim justly due, the payment of which would then become enforceable only out of funds or assets chargeable with liability to pay the claim after its adjudication. The fact that no funds are presently in hand to meet payment of such a claim constitutes no reason why a suit cannot be maintained to reduce the claim to judgment and to conclusively establish as a definite liability to be discharged in due course when and as funds are actually in hand for the purpose of paying it.

It follows that the peremptory writ to require the respondent Circuit Judge to reinstate and determine the dismissed cause at law should be awarded and that a judgment to that effect should be entered, and it is so ordered.

Peremptory writ of mandamus awarded.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.