T. W. HEWITT, as Administrator of the Estate of Frieda Hewitt, deceased, v. INTERNATIONAL SHOE CO., PETERS SHOE Co. and MABEL ANNABELLE BATES, as Administratrix of the Estate of W. I. Bates.

154 So. 838.

Division A.

Opinion Filed May 11, 1934.

*Blackwell & Gray,* for Plaintiff in Error;
*Snedigar & Baya,* for Defendants in Error.

DAVIS, C. J.—This was a writ of error prosecuted by plaintiff below from a judgment of *non prosequitur* rendered against plaintiff for want of prosecution of a suit at law wherein plaintiff refused to join issue on certain of defendants' pleas. See Hewitt v. International Shoe Co., 110 Fla. 37, 148 Sou. Rep. 533. The case has now been reached by this Court for consideration on its merits. We find but one question necessary to be decided at this time. The other questions are not considered.

On May 5, 1932, plaintiff below instituted this suit. Plaintiff's declaration in it was filed on June 6, 1932. A default was entered July 5, 1932, against International Shoe Company and Peters Shoe Company for failure to plead, answer or demur to plaintiff's declaration. On August 2,

1932, another default was entered against all of the defendants, International Shoe Company, Mabel Annabelle Bates, as Administratrix of the estate of W. I. Bates, and Peters Shoe Company, for failure to file a plea as permitted by an order of the court, under which order the court had on July 20, 1932, granted a motion to vacate the default of July 5, 1932. The last mentioned order gave the defendants until the August Rule Day, 1932, within which to file their pleas to plaintiff's declaration. No pleas were filed by either of them, so on August 2, 1932, another default was duly taken and entered of record.

On July 27, 1932, the defendants attempted by petition and bond to remove the cause to the United States District Court. But this attempt proved unsuccessful as both the Federal Court and the State Court refused to make the order required to effectuate a transfer of the cause from the Circuit Court of Dade County to the District Court of the United States.

On August 17, 1932, the defendants moved to vacate the default that had been entered against them on August 2, 1932. This motion was definitely and finally denied by the Court on September 27, 1932, by an order which reads as follows:

"This cause coming on to be heard this day before me upon the joint and several motion of the defendants, International Shoe Company, a corporation, Mabel Annabelle Bates, as Administratrix of the Estate of W. I. Bates, and Peters Shoe Company, designated as a corporation by the plaintiff, to vacate, set aside and declare null and void the default judgments heretofore entered against each of said defendants, as designated by the plaintiff, on the 2nd day of August, A. D. 1932, following the Rule Day in August, 1932, and for leave to file the separate and several pleas of said defendants as proffered in said motion and true copies

of which pleas are attached to and made part of said motion, and notice of said hearing having been duly given to the solicitors of record of the parties in this cause, and after argument of said motion by the respective parties by and through their counsel of record, and the court being duly advised in the premises,

"IT IS THEREUPON CONSIDERED, ORDERED AND ADJUDGED that said Motion to vacate, set aside and declare null and void default judgments, and for leave to file the separate and several pleas of said defendants tendered with said Motion, be and the same is hereby denied, to which ruling the defendants separately and severally except.

"DONE AND ORDERED at Miami, Florida, this 27th day of September, A. D. 1932.

"WORTH W. TRAMMELL,

"Judge."

On December 3, 1932, defendants again attempted to open the default of August 2, 1932, by filing a motion which was as follows:

"Comes now International Shoe Company, a corporation, Mabel Annabelle Bates, as Administratrix of the estate of W. I. Bates, and Peters Shoe Company, designated as a corporation by the plaintiff herein, and respectfully move the court to vacate and set aside and declare null and void the previous order of this court entered and filed in this cause on the 27th of September, A. D. 1932, wherein and whereby the previous motion of these defendants filed herein on August 17th, 1932, to vacate and set aside a certain default judgment entered against said defendants on the 2nd day of August, A. D. 1932, and for permission to file pleas to the declaration of the plaintiff herein was denied, and further moves the court to vacate, set aside and declare null and void the defaults and default judgments entered

against these defendants on August 2nd, 1932, and for permission to file pleas of the defendants attached to and made a part of the motion of these defendants filed in this cause on August 17th, 1932, and for grounds of this motion, respectfully show and represent unto the court as follows:

"That this cause was instituted in this court on the 5th day of May, 1932; that on the 6th day of June, 1932, the defendants, International Shoe Company, a corporation, and Peters Shoe Company, designated as a corporation by the plaintiff herein, filed their separate and several respective special appearances herein and motions to quash, wherein were set forth the grounds of said special appearances. That on the 4th day of July, 1932, a default was entered against all of said defendants; that on the 8th day of July, 1932, all of said defendants filed a motion with this court to vacate and set aside the default judgment entered against said defendants on the 4th day of July, 1932, as aforesaid, upon the ground, among others, that the appearances filed in this cause by the defendants as aforesaid were special appearances and not general, and that therefore said default judgment sought to be vacated was erroneously entered by the Clerk of this Court; that thereafter, on the 21st day of July, said motion of the defendants came on for hearing before this court, and after argument thereof, this court, by its order of that date, adjudicated among other things that the court had jurisdiction of the subject matter and of the parties and that the appearances of the defendants above set forth were general and not special, and further in said order vacated said defaults and/or default judgments, but required said defendants to plead to the declaration of the plaintiff on or before the Rule Day in August, 1932. That on the 27th day of July, 1932, the defendants, International Shoe Company, a Delaware corporation, and Mabel Annabelle Bates, as administratrix of

the estate of W. I. Bates, filed in the above styled cause their petition, duly verified, praying for the removal of this cause to the United States District Court in and for the Southern District of Florida, and pursuant to the Statutes of the United States of America in such cases so made and provided, filed their removal bond in this cause in the penal sum of $500.00 with good and sufficient surety thereon, which said bond was, on the 27th day of July, 1932, approved by the Clerk of this Court. That by reason of the above and foregoing, the above entitled cause was automatically removed to the United States District Court in and for the Southern District of Florida, and by reason thereof, the jurisdiction of this Court to proceed in said cause, ceased until such time as said cause should be remanded by the United States District Court back to this Honorable Court. That notwithstanding the filing of the petition for removal, as well as the removal bond, as hereinabove set forth, plaintiff, on or before the Rule Day in August, 1932, same being the first day of said month, filed his *praecipe* for default with the Clerk of this Court, praying for the entry of the default judgment against all of the defendants to this action. That the Clerk of this Court thereupon, on the 2nd day of August, 1932, entered a default judgment against said defendants, notwithstanding the pendency in this Honorable Court of the petition and bond for removal of this cause, as hereinabove set forth. That thereafter, on the 17th day of August, 1932, these defendants filed their motion in this Honorable Court to vacate and set aside the default judgment entered against said defendants on the 2nd day of August, 1932, as aforesaid, and proffered with said motion certain pleas of said defendants, and prayed for permission to file the original of said pleas. That on or about that date, the Honorable Halsted L. Ritter, Judge of the Miami Division of the United

States District Court for the Southern District of Florida, absented himself from the State of Florida, and returned thereto on or about November 1st, 1932. That on or about said date the plaintiff herein filed his motion in the United States District Court for the Southern District of Florida, seeking to remand this cause to this court; that the plaintiff herein failed and refused to take steps to argue and dispose of his motion to remand and these defendants, being desirous of disposing of the motion of the plaintiff to remand this cause back into this court, as aforesaid within a period of sixty days from August 2nd, 1932, did, within said sixty-day period, by reason of the absence of Hon. Halsted L. Ritter from the State of Florida, as aforesaid, secure an appointment before the Hon. Alexander Askerman, Judge of the United States District Court, Southern District of Florida, Tampa Division thereof, for the purpose of arguing and disposing of said motion of the plaintiff herein to remand said cause back into this court, and said defendants duly and regularly served counsel for plaintiff herein with notice of the time and place and date of said hearing; that thereupon, counsel for these defendants journeyed to the city of Tampa, Florida, for the purpose of arguing and disposing of the motion of the plaintiff to remand this cause but said hearing was not held by the Honorable Judge Alexander Askerman due to a request made by the attorneys for the plaintiff herein of said Judge Askerman that said hearing be postponed. That thereupon, the attorneys for the defendants herein returned to the City of Miami and inasmuch as it was impossible by virtue of the actions of the attorneys for the plaintiff to dispose of the motion of the plaintiff to remand this cause back into this court within sixty days from August 2nd, 1932, both by reason of the actions of the attorneys for plaintiff and by reason of the absence of Halsted L. Ritter,

Judge of the United States District Court for the Southern District of Florida, Miami Division, as aforesaid, these defendants caused to be brought on for hearing the motion of said defendants filed in this cause on August 17th, 1932, as aforesaid, seeking to vacate the default judgment entered against said defendants on August 2nd, 1932, and for permission to file proffered pleas. That at the hearing of said motion the jurisdiction of this court to proceed to act upon said motion was questioned by reason of the pendency and status of the removal proceedings as aforesaid, and by reason thereof this court was of the opinion that an order should be entered vacating the default judgment but reserving the right of the defendants to file the proffered pleas until such date as this cause should be remanded back to this Court, at which time this Court would then pass upon the sufficiency of the proffered pleas. Wherupon, the further question arose as to the right of the court after the expiration of sixty days from the entry of the default judgment to pass upon the sufficiency of the proffered pleas, the court being of the opinion that this court had such right so to do, whereas counsel for the defendants being of the opinion that the jurisdiction of this court to vacate said default judgment ceased after a period of sixty days from the entry thereof, and by reason therefor requested this court to vacate said default and to immediately pass upon the sufficiency of the proffered pleas and to allow the defendants to file such of the proffered pleas as this court then found to be sufficient. That notwithstanding the request of counsel for these defendants, this court entered an order on the 27th day of September, 1932, denying the motion of said defendants to vacate said default judgment and refusing to grant defendants leave to file proffered pleas attached to and made a part of said motion, the court however stating at said time, that should

this cause be remanded back to this court that this court would subsequently vacate said default judgment and pass upon the sufficiency of the proffered pleas as this court then found them to be sufficient. That this cause is set for trial before this court on the 6th day of January, 1933. That the proffered pleas of this defendant are true and set forth and constitute a valid defense to the cause of action sued upon herein. That these defendants have not been negligent but failed to file their pleas in this cause on the Rule Day in August, 1932, upon advice of counsel. That if these defendants are not permitted to file the proffered pleas they will suffer irreparable injury, damage and harm all of which will be inequitable and unjust.

"WHEREFORE, these defendants pray that this Honorable Court may enter an order vacating and setting aside the previous order of this court entered and filed on to-wit: the 27th day of September, 1932, and that this court may likewise enter an order vacating and setting aside and declaring null and void the default judgment entered against said defendants on the 2nd day of August, 1932, and permitting these defendants to file the original of the proffered pleas attached to and made a part of the motion of said defendants filed in this cause on the 17th day of August, 1932.

"SNEDIGAR & BAYA,
"Attorneys for Defendants."

The motion of December 3, 1932, was disposed of by an order entered January 3, 1933, after a new term of court had begun on the second Tuesday in November, 1932. That order undertook to vacate the order of August 17, 1932, rendered during the time prescribed for the preceding term. The order of August 17, 1932, had denied the motion to vacate the default entered August 2, 1932. Plaintiff refused to acknowledge the validity of the order of January

3, 1933, and refused to join issue on the defendants' pleas which that order permitted defendants to file notwithstanding the default entered on August 2, 1932, motion to vacate which default had been previously denied on August 7, 1932.

So on January 4, 1933, the following judgment was entered from which this writ of error was taken:

"It appearing to the Court that the plaintiff has declined to join issue on the defendants' pleas in the above entitled cause, and has declined to proceed further herein, and it further appearing to the Court that the defendants are entitled to judgment *non prosequitur,* it is therefore,

"CONSIDERED, ORDERED AND ADJUDGED that judgment be and the same is hereby rendered in favor of the defendants and against the plaintiff, for want of prosecution. It is further ordered that the plaintiff take nothing by his plaint herein and that this cause stand dismissed at the plaintiff's cost, now and here taxed at $None.

"DONE AND ORDERED at the Court House in Miami, Florida, on this the 4th day of January, A. D. 1933.

"WORTH W. TRÁMMELL,
" Circuit Judge."

Our conclusion is that the order of January 3, 1933, undertaking to vacate the order of August 17, 1932, which latter order had denied a motion to open up the default of August 2, 1932, was erroneous, and should be reversed on the authority of Zapf v. Lasseter, 53 Fla. 239, 44 Sou. Rep. 171. In the cited case this Court held that a court has no authority to rehear, and consequently has no right to undertake to set aside an order denying a motion to vacate a default, where the motion to rehear, or the petition to vacate the previous order of refusal is made after the time allowed by law has expired for the making of an

original motion or application to vacate or open up a default under the statute (Section 4287 C. G. L., 2621 R. G. S.).

Practically the only difference between the facts of this case and the facts presented in the case of Zapf v. Lasseter, *supra*, was the fact of the entry of the default during the intervening abortive attempt of the defendants to remove the cause into the United States District Court for trial. The petition for removal and accompanying bond was subject to the legal effect of any express order the State Court might make denying the application to remove. The State Court was not bound to surrender its jurisdiction over the suit until a case had been made under the Federal statutes which showed that petitioning defendants were, in law, entitled to removal. So the default entered by the State Court while defendants' motion for removal to the United States District Court was pending was not void where the motion was denied and the case was remanded by the Federal Court to the State Court for want of jurisdiction. Union Gas & Oil Co. v. Indian Tex Petroleum Co., 203 Ky. 521, 263 S. W. Rep. 1.

A petition for removal of a cause from a State Court to a United States District Court presents a question of law to the State Court whether, admitting the facts stated in the petition to be true, it appears on the face of the record (which includes the petition, pleading and proceedings down to that time) that the petitioner has complied with the Federal Removal Statutes (Sections 28, 29 U. S. Judicial Code, 28 U. S. C. A., par. 71, 72) and is therefore entitled to the removal of the case. So, until a case is thus made which, on the face of the record shows that the petitioner is entitled to a removal, the State Court is not bound to surrender its jurisdiction, and when by its affirmative order it expressly refuses to do so, its proceedings thereafter are

not void, absent the intervention of an order from the United States District Court or other Federal authority superseding the State Court's ruling. See 4 Hughes on Federal Practice, Jurisprudence & Procedure, page 314 and cases cited.

We are accordingly impelled to hold that the default of August 2, 1932, was validly entered notwithstanding the pendency of the defendants' removal proceedings which later proved ineffectual. The default of August 2, 1932, was the second default that had been taken against the defendants. And being the second default it was moved against and an order entered by the Court on September 27, 1932, denying defendants' motion to vacate it. Under the ruling of this Court in Zapf v. Lasseter, *supra*, it was beyond the jurisdiction of the Circuit Court to undertake by an order entered January 3, 1933, one hundred and twenty days after the default of August 2, 1932, was entered, to open and vacate that default for the purpose of letting in pleas. So the refusal of defendants to join issue on such pleas as were filed out of time was legally justified, and the court was in error for dismissing the proceeding as on a *non prosequitur* for such failure to join issue on pleas that had no proper standing as such before the court.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Ellis and Terrell, J. J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.