**ESTHER SCHWENCK, by her guardian and next friend, LOUISE SCHWENCK, v. HARRY JACOBS, IDA JACOBS and SHIRLEY JACOBS by her guardian, Harry Jacobs, and CHARLES G. HANNOCK.**

33 So. (2nd) 592                              January Term, 1948
January 13, 1948                                        En Banc

34

*Ginsberg & Pilafian,* for appellant.

*McKay, Dixon, DeJarnette & Bradford,* for appellees.

BARNS, J.:

The final judgment entered in this case was as follows:

"This cause coming on to be heard before me upon the Demurrer of the defendants, Harry Jacobs, Ida Jacobs and Shirley Jacobs, by her guardian, Harry Jacobs, to the plaintiffs' second amended declaration, and after argument of counsel for the respective parties, and the court being duly advised in the premises.

"IT IS THEREUPON ORDERED AND ADJUDGED that the said demurrer be and the same is hereby sustained.

"IT IS FURTHER ORDERED AND ADJUDGED that the plaintiffs take nothing by their writ in this cause, and that the defendants, Harry Jacobs, Ida Jacobs, and Shirley Jacobs by her guardian, Harry Jacobs, go hence without day and that the said defendants have judgment against the plaintiffs for their costs in this behalf expended."

Thereupon the plaintiffs-appellants prosecuted an appeal and the appellees-defendants filed their motion to dismiss the appeal upon the ground that such judgment is not such a final judgment as is appealable, as provided by Section 59.02 (1), Ch. 22854, Acts 1945.

Whether a judgment entered by the trial court is such a final judgment as will support an appeal depends largely upon its legal effect. If it is one final in nature and wherein time has commenced to run, whereby the trial court will lose jurisdiciton to further consider or reconsider, then for purposes of appeal or writ of error it is a final judgment.

Of course an order that the demurrer be sustained, that a non-suit be granted, or that defendant have judgment, is insufficient; in these instances more is required.

The limitations for taking an appeal or writ of error are with the object that the successful party will know when his litigation has ended and, also, that it be ended.

In Cook v. Cook, 18 Fla. 634, the plaintiff's case was dismissed by the Clerk for his failure to file a declaration, and the trial judge denied a motion of plaintiff to set aside judgment of dismissal, and it was held that same constituted a final judgment of dismissal, and it was held that same constituted a final judgment to support a writ of error to a final judgment.

A judgment *non prosequitur* that "plaintiff take nothing" and "suit stand dismissed" held to support writ of error to final judgment.

Hewitt v. International Shoe Co., 110 Fla. 37, 148 So. 533.

A non-suit without an order of dismissal is not sufficient to support a writ of error to a final judgment.

Goldring v. Reid, 60 Fla. 78, 53 So. 503.

"Where in a suit at law it is determined by the Judge of the Circuit Court in which the case has been instituted that such Court is without jurisdiction to proceed therein, and that the cause should therefore be dismissed at plaintiff's costs, and an order of dismissal is accordingly entered, dismissing the suit at law solely because of the Circuit Court's finding of its own lack of jurisdiction and for no other cause, such an order being final in its nature, may submit a writ of error. . . . "

· State ex rel., George P. Garrett v. John B. Johnson, Circuit Judge, 112 Fla. 112, 113, 150 So. 239, 151 So. 315.

Jurisdiction in the Supreme Court may attach only after a judgment final in its nature has been entered by the trial court and after time has commenced to run when the trial court will not longer have power to exercise its jurisdiction over the subject matter of the judgment.

When the judgment appealed is a judgment on demurrer to a declaration as is final in its nature and is such as to end the pendency of the case in the trial court as between the ap-

pellant and the appellee, then it is such a final judgment as is appealable. The rule stated in Ropes v. Lansing (1903), 46 Fla. 231, 35 So. 863, does not apply because therein there was no final judgment.

The judgment appealed as between the parties to the appeal is a final judgment ending the pendency of the case in the trial court as between the parties to the appeal.

The motion to dismiss the appeal is denied.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, ADAMS and SEBRING, JJ., concur.