Mr. Howard Scharps, Chairman Gainesville-Alachua County Regional Airport Authority 3400 Northeast 39th Avenue, Suite A Gainesville, Florida 32609
Dear Mr. Scharps:
On behalf of the Gainesville-Alachua County Regional Airport Authority, you ask substantially the following question:
Does a voluntary dismissal operate to conclude litigation for purposes of section 286.011(8), Florida Statutes, allowing a plaintiff to voluntarily dismiss a suit, request the record of the strategy or settlement meeting and use the information to refile the lawsuit?
In sum:
It would appear inconsistent with the intent of section286.011(8), Florida Statutes, to allow a plaintiff access to the record of a strategy or settlement meeting of a defendant public body in order to gain an advantage in anticipation of further litigation.
Section 286.011(8), Florida Statutes, makes confidential a strategy or settlement meeting between a board and its attorney when the board is a party before a court or administrative agency. The statute, however, allows access to the record of such meeting when the litigation is concluded.
This question arises in light of three pending lawsuits against the authority in which a member of the authority has expressed the desire to hold a meeting under section 286.011(8), Florida Statutes, to discuss settlement of one or more of the suits. The plaintiff in the pending suits has previously filed lawsuits against the authority alleging many of the same claims contained in the present suits. The prior suits were voluntarily dismissed after a year or two of litigation. The members of the authority are concerned that the plaintiff will dismiss his suits, allege that the litigation is concluded, request a copy of the transcript of the strategy meeting and then refile the lawsuits. This would place the authority at a disadvantage in the subsequent suits.
Under the above factual situation, the dismissal of the suits by the plaintiff who has previously taken a voluntary dismissal in actions based on the same claims operates as an adjudication of the merits and bars further action.[1] Thus, the plaintiff could request a copy of the transcript of the strategy or settlement meeting held pursuant to section 286.011(8), Florida Statutes. The city may release a copy of the transcript without fear that the plaintiff will use the information in order to gain an advantage in a future suit based upon the same claims.
Section 286.011(1), Florida Statutes, makes all meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, at which official acts are to be taken, open to the public at all times. During the 1993 legislative session, subsection (8) was added to section 286.011, Florida Statutes, to provide:
Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met: (a) The entity's attorney shall advise the entity at a public meeting that he desires advice concerning the litigation. (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures. (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting. (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session. (e) The transcript shall be made part of the public record upon conclusion of the litigation.
Section 286.011(8)(a), Florida Statutes, provides that it is the attorney for a board or commission who at a public meeting advises the entity that he or she "desires advice concerning the litigation." It would be advisable, therefore, to allow the attorney for a board or commission to initiate the use of a strategy or settlement meeting for pending lawsuits, when he or she feels it would be beneficial.
A dismissal of a suit is defined as the termination of a case without a trial of any of the issues.[2] The general rules governing the termination of an action by dismissal are set forth in the Florida Rules of Civil Procedure. Florida Rule of Civil Procedure 1.420, provides:
(a) Voluntary Dismissal. (1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
Florida courts have determined that a voluntary dismissal of an action without an order of the court operates to end the action and to divest the trial court of jurisdiction.[3] The rule applies to the dismissal of an "action" which denotes the entire contro-versy.[4] A voluntary dismissal ends an action without prejudice, meaning that the action may be refiled at any time within the applicable statute of limitations. Thus, while the court is deprived of its jurisdiction to enter further orders once a voluntary dismissal is taken, the plaintiff's cause of action remains viable until the appropriate statute of limitations has run and the plaintiff retains control over the continuation of the suit.
In a situation where the plaintiff takes a voluntary dismissal after a strategy or settlement meeting of the governing body and then seeks access to the record of such meeting, claiming the litigation has concluded, such action by the plaintiff might be interpreted by a court as a continuation of the litigation. A party to a judicial proceeding may not subvert the rules of procedure in order to deprive the opposing party of its rights to a fair trial under the law.[5]
Accordingly, if a public records demand is made for the transcript of a strategy or settlement meeting by a plaintiff who has voluntarily dismissed the action which is the subject of such a meeting, it may be advisable to cite section 286.011(8), Florida Statutes, to maintain the confidentiality of such records. Furthermore, the public agency might inquire of the plaintiff to bar his or her claim before receiving the record of the strategy or settlement meeting, in light of the fact that the statute contemplates that the litigation has concluded before such records must be released.
This office has consistently read the government in the sunshine law to assure the public's right of access to meetings of public boards or commissions. In order to place local governments and state agencies on equal footing with the other parties in a lawsuit, however, the Legislature has provided a specific exemption from the open meetings requirements. To allow a plaintiff who has voluntarily dismissed a suit to gain access to transcripts of strategy or settlement meetings in order to obtain an advantage in the refiling of a lawsuit would subvert the purpose of the statute.
Accordingly, it is my opinion that to give effect to the purpose of section 286.011(8), Florida Statutes, a public agency may maintain the confidentiality of a record of a strategy or settle-ment meeting between a public agency and its attorney until the suit is dismissed with prejudice or the applicable statute of limitations has run.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Rule 1.420(a)(1), Florida Rules of Civil Procedure, makes a notice of dismissal operate as an adjudication of the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. This has become known as the "two-dismissal rule," and makes the taking of two voluntary dismissals an adjudication on the merits. A plaintiff who has previously taken a voluntary dismissal of the action could not now take a second voluntary dismissal without barring a future lawsuit based on the same action.
[2] See, Hewitt v. International Shoe Co., 148 So. 533, 536 (Fla. 1933).
[3] See, Rich Motors, Inc. v. Loyd Cole Produce Express, Inc.,244 So.2d 526 (Fla. 4th D.C.A., 1970) (voluntary dismissal of an action by plaintiff serves to terminate action and divest trial court of jurisdiction).
[4] See, Crump v. Gold House Restaurants, 96 So.2d 215, 218 (Fla. 1957).
[5] Cf., Geiger v. State, 532 So.2d 1299, 1301 (Fla. 2nd D.C.A., 1988) (defendant may not thwart the state's opportunity to try her on charges by negotiating a plea bargain and then obtaining a ruling permitting her to withdraw the pleas on some of the charges after the speedy trial time had expired on the dismissed charges). And see, State v. Rosenfeld, 467 So.2d 731, 733 (Fla. 3rd D.C.A. 1985), pet. for review denied, 476 So.2d 675 (Fla. 1985).