MIZELL LIVE STOCK COMPANY, A CORPORATION, *Plaintiff in Error, v.* THE J. J. MCCASKILL COMPANY, A CORPORATION, *Defendant in Error.*

Where the only entry in the record in the nature of a judgment is as follows it does not constitute a final judgment: "The plaintiff on the trial of this case, after the ruling of the court sustaining the defendant's objection to the introduction in evidence of the paper under which plaintiff claimed title, stated in open court that on account of such ruling it was necessary for it to suffer a non-suit, and requested that it be allowed to file a bill of exceptions, so as to have the said ruling of the court reviewed by the Supreme Court, and by order of the court such non-suit was allowed and plaintiff was granted thirty days from this date in which to present and file the bill of exceptions."

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*C. L. Wilson,* for Plaintiff in Error;

*W. W. Flournoy,* for Defendant in Error.

SHACKLEFORD, J.—In taking up this case for consideration we find that the record discloses the fact that is—

sues were joined between the parties, a jury empanelled and a trial entered upon, but the only entry in the nature of a judgment is in this language :

"The plaintiff, on the trial of this case, after the ruling of the court sustaining the defendant's objection to the introduction in evidence of the paper under which plaintiff claimed title, stated in open court that on account of such ruling it was necessary for it to suffer a non-suit, and requested that it be allowed to file a bill of exception, so as to have the said ruling of the court reviewed by the Supreme Court, and by order of the court such non-suit was allowed and plaintiff was granted thirty days from this date in which to present and file the Bill of Exceptions."

This does not constitute a final judgment. It is at most a mere recitation of record that a non-suit had been entered. It does not purport to declare the sentence of the law upon the entry of the non-suit, which is an essential element of final judgment. This case is ruled by Ropes v. Eldridge, 39 Fla. 47, 21 South. Rep. 570. Also see Boggess v. Cox, 48 Mo. 278 and 1 Black on Judgments, section 115, there cited.

Section 1691 of the General Statutes of 1906, reads: "Writs of error shall lie only from final judgments, except as specified in Section 1695," which latter section allows the writ to orders granting new trials. Section 1692 has the effect of making rules or summary orders of the court upon its officers to pay money a final judgment and the next section permits certain discretionary orders reviewable after final judgment. Section 1697, under which the plaintiff in error has attempted to act says:

"1697. (1269.) Bills of exception upon non-suit— When, from any decision of the court on the trial of a cause in any court, it may become necessary for the plaintiff to suffer a non-suit, the facts, points or decisions

may be reserved for the decision of the appellate court by bill of exceptions as in other cases."

To a right understanding of the last quoted section and to reconcile it with section 1691, it must be recalled that there were at the common law two prerequisites to the right of review by writ of error; there must have been not only a finality of the cause in the inferior court but there must have entered into that judgment the element of involuntariness.

The effect of the statute therefore, is to do away only with the latter feature, but in view of the positive inhibition contained in section 1691 that allows but the one exception therein expressly referred to, and thereby excluding other exceptions by construction, we are forced to the holding that the entry before us does not contain that finality of judgment which will support a writ of error.   As to what constitutes a final judgment for the defendant, see Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982.   Also see Dallam v. Sanchez, 56 Fla. 779, 47 South. Rep. 871, and authorities there cited.

The writ of error is dismissed.

All concur.