N. GOLDRING, *Plaintiff in Error,* v. A. REID AND PRINCE
MORRIS, *Defendants in Error.*

1. Where a writ of error purports to be taken to a final judgment and no such final judgment as will support a writ of error appears in the transcript, the court should not proceed to consider the errors assigned but should dismiss the writ of error whether a motion be made for that purpose or not, since, except in case of an order granti··g a new trial under the statute, a writ of error may properly issue only to a judgment making a final disposition of the action in the trial court.

2. A judgment merely that the plaintiff be and is non-suited is not such a final disposition of the action as will support a writ of error. The judgment should state that the action is dismissed, or that the defendant go hence without day, or that the plaintiff take nothing by the action, or other equivalent expressions adjudicating that the action as instituted is at an end.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

(The above headnotes cover both the opinion and the opinion on rehearing.)

*Jno. C. Avery,* for Plaintiff in Error;

*Jones & Pasco,* for Defendants in Error.

SHACKLEFORD, J.—In taking up this case for consideration we find that the record discloses the fact that issue was joined between the parties, a jury empanelled and a

trial entered upon, during the course of which the plaintiff announced that by reason of certain rulings of the trial court it had become necessary for him to suffer a non-suit, but the only entry in the nature of a judgment is in the following language:

"And it is ordered and adjudged by the court that the said petitioner be, and he is hereby non-suited accordingly, and that the defendants do have and recover their costs herein, and have execution therefor. Thereupon, upon petitioner's notice it is ordered that he have sixty (60) days within which to prepare and present his bill of exceptions."

This does not constitute a final judgment, as we held in Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla., 118; 49 South. Rep. 501. See the discussion and authorities cited therein, especially Boggess v. Cox, 48 Mo. 278, wherein it was held: "Where a non-suit is taken, in order to justify an appeal or writ of error the judgment should be formally set out, 'that it is by the court therefore considered and adjudged that the plaintiff take nothing by his writ, and that the defendant go thereof without day and recover of the plaintiff his costs,' etc."

This is squarely in line with our holding as to what constitutes a final judgment for the defendant. See Hall v. Patterson, 45 Fla. 353; 33 South. Rep. 982.

There being no final judgment, it necessarily follows that the writ of error must be dismissed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, J. J. concur in the opinion.

ON REHEARING.

WHITFIELD, C. J.—A motion has been presented here to vacate the order dismissing the writ of error for want of final judgment. Treating such motion as a petition for rehearing, its suggestion that the judgment set out in the opinion is a final judgment within the meaning of the statute under which writs of error are issued, will be considered. Section 1691 of the General Statutes provides that "Writs of error shall lie only from final judgments, except as specified in Section 1695," which section allows "Writs of error from orders granting new trials." Section 1697 provides that "when, from any decision of the court on the trial of a cause in any court, it may become necessary for the plaintiff to suffer a non-suit, the facts, points or decisions may be reserved for the decision of the appellate court by bill of exceptions as in other cases." This latter section does not authorize a writ of error, but only a bill of exceptions in non-suits for the review of the appellate court as in other cases.

Where a writ of error purports to be taken to a final judgment and no such final judgment as will support a writ of error appears in the transcript, the court should not proceed to consider the errors assigned but should dismiss the writ of error whether a motion be made for that purpose or not, since, except in case of an order granting a new trial under the statute, a writ of error may properly issue only to a judgment making a final disposition of the action in the trial court. Blount v. Gallaher, 22 Fla., 92; Gates v. Hayner, 22 Fla., 325; Johnson v. Polk County, 24 Fla., 28, 3 South. Rep., 414; Ropes v. Lansing, 49 Fla., 225, 38 South. Rep., 177; Dexter v. Seaboard Air Line R. Co., 52 Fla., 250, 42 South. Rep., 695; Blanton v. West Coast Ry. Co., 58 Fla., 169, 50 South. Rep., 945; Pensacola Bank & Trust Co. v. National Bank

of St. Petersburg, 58 Fla., 340, 50 South. Rep., 414. A judgment that the plaintiff be and is hereby non-suited may be an adjudication of the attitude or status of the plaintiff with reference to the action, but it is not such a final disposition of the action as that it will support a writ of error. In addition to the order that the plaintiff be and is non-suited the entry should state the judgment of the law expressed through the court that the action be dismissed, or that the defendant go hence without day, or that the plaintiff take nothing by the action, or other equivalent expressions adjudicating not that the plaintiff is adjudged to have failed to prosecute the action, but that the action as instituted is at an end. The ordering of the non-suit or other appropriate statements in the record of the proceedings would indicate that by such a judgment the cause is not disposed of on its merits so as to preclude another proper action on the merits of the cause. See Central Trans. Co. v. Pullman's Palace Car. Co., 139 U. S., 24, 11 Sup. Ct. Rep., 478; Nat. B. Bank v. Leaby, 31 Fla., 56.

Except in orders granting new trials writs of error lie *only* to final judgments. A final judgment is one that disposes of the action. A judgment that the cause is dismissed, or that the defendant go hence, or that the plaintiff take nothing by the writ, or equivalent language is generally regarded as a final judgment. Sedgwick v. Dawkins, 18 Fla., 335; Cook v. Cook, 18 Fla., 634.

In Ropes v. Eldridge, 39 Fla., 47, 21 South. Rep., 570. it was held that an entry that "on motion of plaintiff a juror was withdrawn and a non-suit entered," was not a final judgment to support a writ of error. The opinion says: "It is at most a mere recitation of record that a non-suit has been entered. It does not purport to declare the sentence of the law upon the entry of the non-suit,

which is an essential element of a final judgment." The case of Boggess v. Cox, 48 Mo., 278, was cited approvingly in which it is distinctly held as stated in the main opinion, and also that there is no "difference between a final judgment rendered on a non-suit and in any other case." See, also, Stebbens v. Larsen, 4 Cal., App., 482, 88 Pac. Rep. 505; Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla., 118, 49 So. Rep. 501.

To justify the issuance of a writ of error on a judgment, the entry must clearly show not the attitude of the parties towards the action, but a final disposition of the action either by dismissal or by judgment in some appropriate terms for or against the plaintiffs or the defendants. An entry that the plaintiff "is hereby nonsuited" is not such a final judgment that a writ of error may be issued thereon. A further order dismissing the action or its equivalent should be entered. Holter Lumber Co. v. Fireman's Fund Ins. Co., 18 Mont., 282, 45 Pac. Rep., 207; DeGraf v. Seattle & T. Nav. Co., 10 Wash., 468, 38 Pac. Rep., 1006.

The dictum in Hanks v. Thompson, 5 Texas 6, is not in accord with the decisions of this court.

Upon the entry of a proper final judgment a writ of error may issue thereon, and a motion may be made to use the transcripts already here, to which the final judgment and writ of error may be attached by leave of court.

Rehearing denied.

All concur.