STROUSE & BROTHERS, A CORPORATION, *Plaintiff in Error,*
v. T. C. HALL, *Defendant in Error.*

Where a writ of error purports to be taken to a final judgment
and no such final judgment as will support a writ of error
appears in the transcript, the court should not proceed to
consider the errors assigned but should dismiss the writ of
error whether a motion be made for that purpose or not,
since, except in case of an order granting a new trial under
the statute, a writ of error may properly issue only to a
judgment making a final disposition of the action in the trial
court.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the
court.

*J. W. Frazier* and *Wm. Hunter,* for Plaintiff in Error;

*H. M. Hampton,* for Defendant in Error.

PER CURIAM.—It appears from the transcript that
during the trial of the cause the plaintiff announced that
on account of a ruling of the court, refusing to admit
certain proffered documentary evidence, it would be com-
pelled to take a non-suit. We find nothing in the tran-
script which even purports to be a final judgment, there-
fore there is nothing to support a writ of error. See Gold-
ring v. Reid, 60 Fla. 78, 53 South. Rep. 503, where prior
decisions of this court will be found cited.

There being no final judgment, it necessarily follows
that the writ of error must be dismissed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.