O. J. WHITAKER, *Plaintiff in Error*, v. BERTHA J. WRIGHT, a Free Dealer, *Defendant in Error*.

En Banc.

Opinion filed July 26, 1930.

284

*Anderson & Lewis,* for Plaintiff in Error.

*W. G. Ramseur,* for Defendant in Error.

ANDREWS, Commissioner:

A declaration containing two common counts and one special count and designated as case No. 5429 L was filed May 26, 1928, in the Circuit Court of Pinellas County by defendant in error, hereinafter referred to as plaintiff.

On July 2, 1928, plea in abatement alleging a prior suit pending between the same parties upon the same cause of action, and statutory pleas of never was indebted and never promised as alleged were filed by plaintiff in error, hereinafter called defendant, which latter pleas were filed to each count without waiving the plea in abatement. A joinder of issue was filed by plaintiff to the last named pleas, and by agreement the issue raised by the plea in abatement was tried first. The record shows that on February 12, 1929, after taking testimony and before the jury retired, the plaintiff was permitted to enter a nonsuit, but the *record proper* does not show for what reasons the order of nonsuit was requested and there is no bill of exceptions.

On March 26, 1929, plaintiff filed a petition to vacate and set aside the order of nonsuit and reinstate the case upon the docket. The petition was verified by oath of plaintiff and stated as a *fact* (as distinguished from conclusions)

that the prior suit, 5379, set up in the plea of abatement had been terminated on July 7, 1928, several months prior to the trial of the plea in abatement.  Said petition further alleges that defendant was allowed to amend his plea in abatement during the trial and was granted a motion for a directed verdict, and thereupon before the jury retired plaintiff took the nonsuit.  The better rule would seem to support the view that pleas in abatement may not be amended at the trial in matters of substance nor even in matters of form.  31 Cyc. 424.  They are classed as ''dilatory pleas'' and are not favored and ''will not be aided in construction by any intendments.''  Horter v. Commercial Bank & Tr. Co., 99 Fla. 678, 126 So. R. 909, and cases there cited.  With pleas in abatement ''correctness of form is matter of substance and any defect of form is fatal,'' and where a plea in abatement ''does not conform to the rules established as to such pleas, the plaintiff is not compelled to demur to it, but may treat it as a nullity and have it stricken on motion.''  McLeod v. Citizens Bank, 61 Fla. 350, 56 So. R. 190; Stewart v. Bennett, 1 Fla. 437, Strobhar v. State, 55 Fla. 167, 47 So. R. 4.

On April 16, 1929, the same attorneys who represented the defendant at the trial of the plea in abatment filed a special appearance for defendant with a motion to quash the petition to vacate and set aside the nonsuit entered on February 12, 1929.  The first ground of this motion to quash alleges that on February 12, 1929, the said suit ''was finally disposed of by nonsuit entered upon the motion of the plaintiff,'' and that the court in granting the nonsuit ''lost jurisdiction of defendant,'' who at the time of filing said motion to quash was a non-resident of this State.  A portion of the first ground of defendant's motion is based upon the ''record,'' but the other grounds have no record basis, nor are they supported as to truth by oath

of defendant or other proper proofs. Section 4408, Comp. Gen. Laws of Florida, 1927, provides that "upon motions founded upon affidavits, either party may offer affidavit in answer to affidavits of the opposing party." A motion, whether supported by oath or not, which avers a mere matter of conclusion could not be received as evidence of such matters so averred, and when it is grounded on facts that are neither apparent from the face of the record or papers on file in the case, nor within the judicial knowledge of the court, it must be supported by affidavits or other proof. Sewell v. Huffstetler, 83 Fla. 629, 93 So. R. 162; Turner v. State, 99 Fla. 246, 126 So. R. 158. See especially Stewart v. Preston, 80 Fla. 473, 86 So. R. 348.

On April 16, 1929, the trial court entered an order setting aside and vacating the nonsuit entered on February 12, 1929, and reinstated said case, No. 5429 L, on the trial docket. On May 30, 1929, the case came on for trial upon the issues raised by plaintiff's joinder of issue on the defendant's pleas of never was indebted and never promised as alleged, and a verdict was returned in favor of the plaintiff in the amount of $2,750.00, upon which judgment was entered, and the defendant sued out a writ of error.

The final judgment recites that due notice of setting the case for trial was had and that no one appeared on behalf of defendant.

The assignment of errors presented by defendant questions the trial court's jurisdiction of the person of defendant, and is based principally upon the order of the trial court setting aside the former order of nonsuit and reinstating the said cause upon the trial docket.

It is contended by the defendant that the entry of the nonsuit upon the motion of the plaintiff "finally disposed of the case" and that all parties "went out of court" and

that the court thereby lost jurisdiction of the parties and the case.

This is the third appearance of this case in this Court. See Whitaker v. Wright, 98 Fla. 500, 123 So. R. 857; and Whitaker v. Wright, 99 Fla. 500, 127 So. R. 306. Its first appearance here was upon a writ of error taken by defendant to the order reinstating the suit on the docket, and it was held that a writ of error did not lie to an order vacating and setting aside an order of nonsuit and reinstating the cause on the docket, since it was not such a final judgment as would support a writ of error; citing the former case of Goldring v. Reid, 60 Fla. 78, 53 So. R. 503, wherein it was held that:

"A judgment merely that the plaintiff be and is nonsuited is not such a final disposition of the action as will support a writ of error. The judgment should state that the action is dismissed, or that the defendant go hence without day, or that the plaintiff take nothing by the action, or other equivalent expressions and adjudicating that the action as instituted is at an end." Mizell Livestock Co. v. J. J. McCaskill Co., 57 Fla. 118, 49 So. R. 501; Hall v. Patterson, 45 Fla. 353, 33 So. R. 982.

In the case at bar the record shows the court entered an order of nonsuit, but it is now shown that a final judgment was ever entered on the nonsuit. Therefore, there was no final disposition of the case and it was still pending at the time the motion for reinstatement was granted.

The trial court has jurisdiction within proper time (certainly during the same term) to set aside and vacate an order of nonsuit, and especially when no final judgment has been entered thereon.

The granting of said nonsuit without any entry of a judgment thereon could at best be only an interlocutory order in the case.

In the case of Alabama Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 So. R. 825, this Court said:

"With respect to the authority of a court over its orders, judgments, etc., the rule of the common law was in effect that a court of record had absolute control over its own orders, decrees, etc., and could vacate or amend them at any time during the term at which they were made."

The above case also held (text 612) that:

"It is also well settled that interlocutory judgments or decrees made in the progress of a cause are always under the control of the court until final disposition of the suit and they may be modified or rescinded upon sufficient grounds shown at any time before final judgment should it be after the term in which made. Blythe v. Hinckley, 84 Fed. R. 228; Miller v. Justice, 86 N. C. 26; State v. King, 46 La. Ann. 163, 15 So. R. 283; 15 R. C. L. 692; Webb v. Buckelew, 82 N. Y. 555."

In 9 R. C. L. 209, Sec. 29, it is stated that after a plaintiff has suffered a nonsuit the parties are out of court for every purpose other than to carry the order into effect, or "to vacate or modify the same." See also Note, 26 L. R. A. (N. S.) 914.

In 18 C. J. 1209, Section 147, the general rule is stated as follows:

"A motion to set aside a nonsuit or judgment of dismissal and reinstate the case, being usually considered

as in the nature of a motion for reconsideration, is addressed to and rests in the sound discretion of the court before whom the case was heard and by whom it was dismissed or the nonsuit granted, and such discretion will not be controlled unless manifestly abused." To the same effect see 34 C. J. 207, Section 436.

The rule as to the question of jurisdiction of the trial court over the defendant upon the entry of an order of nonsuit, appears to be well settled that after a party is once in court through legal process or by appearance, he "is, in legal contemplation, in court until the final disposition of the cause, and is presumed to be cognizant of every step taken in its progress." Wagley v. Wagley, (Tex. Civ. Ap.) 230 So. W. R. 493. Likewise he is presumed to know that motions may properly be made in court during the pendency of the action, or even after entry of final judgment.

Inasmuch as the case was not finally disposed of at the time the motion for setting aside the order of nonsuit was filed, nor had the term expired, the court still had jurisdiction over defendant as to that suit, and such jurisdiction was not lost merely by the plaintiff filing a new suit based upon the same cause of action and in which suit no process was ever served upon defendant.

Having decided that the trial court had not lost jurisdiction of the defendant in case No. 5429 L, in which case issue had been joined on defendant's pleas, it becomes unnecessary to consider any questions that may have been raised by the filing of the new suit immediately after taking the nonsuit, as the said suit, No. 5429 L, had not been disposed of and the plaintiff by filing the new suit was not thereby estopped to assert, nor did she waive, any existing legal rights she had in the former case, No. 5429 L, which

case was later tried and a verdict rendered for plaintiff and final judgment entered thereon.

The only question remaining is: Did the trial court abuse its discretion in setting aside the order of nonsuit and reinstating the case on the docket? Without a bill of exceptions exhibiting to us matters *in pais*, we are unable to say that such discretion was abused, and the judgment of the lower court is therefore affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.