STATE, *ex rel.* L. & L. Freight Lines, Inc., v. BURTON BARRS, as Judge of the Civil Court of Record, Duval County.

176 So. 756.

Division A.

Opinion Filed October 23, 1937.

Rehearing Denied November 19, 1937.

*Leo P. Kitchen* and *Dan R. Schwartz,* for Plaintiff in Error.

*Evan T. Evans* and *John O. Jackson,* for Defendant in Error.

BUFORD, J.—Writ of Error in this case brings for review judgment of the Circuit Court of Duval County denying rule *nisi* in prohibition and denying motion to make such rule *nisi* in prohibition absolute.

The record shows that one Lockwood commenced an action at law in the Civil Court of Record of Duval County, Florida, and on August 31, 1935, filed his declaration naming L. & L. Freight Lines, Inc., defendant; that on November 4, 1935, defendant filed its pleas to the declaration. Issue was joined thereon. On March 9, 1936, at a term of said Civil Court of Record said cause was tried before a jury which rendered a verdict for the plaintiff therein and final judgment was entered for the plaintiff; that thereafter defendant filed its motion for a new trial, which was denied. Writ of error was taken to the judgment; the judgment was reversed by the appellate court; the cause was remanded

to the Civil Court of Record of Duval County, with instructions to vacate and set aside said verdict and judgment, and thereafter the said Lockwood filed his petition in the Supreme Court of Florida for a writ of certiorari seeking to quash and set aside the order of the Circuit Court of Duval County, Florida, and on December 11, 1936, the Supreme Court made its order and filed its opinion and judgment denying writ of certiorari and refusing to quash said order of the Circuit Court.

Petition for rehearing was filed and denied.

On January 21, 1937, the mandate of this Court went down to the Civil Court of Record; that said Civil Court of Record then proceeded to a second trial of said cause on January 22, 1937; the respective parties were present and by their attorneys appeared and a jury was empaneled and sworn according to law to try the issues joined.

Lockwood was sworn as a witness in his own behalf, and, after testifying at length, he attempted through his counsel to introduce into evidence a carbon copy of a certain letter, which was copied in the record and made a part thereof; that the original of said letter was alleged by the plaintiff to be in possession of the defendant. Attorneys for defendant objected to the introduction into evidence of the carbon copy on the ground that the original had not been properly accounted for and defendant had not been served with notice to produce the original of said letter.

It was contended that Lockwood had given notice to the defendant to produce the letter, copy of which was offered in evidence.

It was then discovered by plaintiff that he had demanded the production of a letter, copy of which was already attached to plaintiff's declaration. Thereupon, plaintiff's attorneys advised the Court that the letter demanded by

the notice was not the letter which was wanted and that a mistake had been made; that a consideration of said notice and a careful examination of same, as well as of the copy of said notice served upon defendant's attorneys, showed the mistake to have been made by the plaintiff. The plaintiff's attorneys then stated to the court that the plaintiff could not safely proceed with the trial of the cause and moved the court to withdraw a juror and declare a mistrial, to which the defendant then and there objected. The defendant moved the court to require plaintiff to enter nonsuit, or to dismiss the cause. The court ordered a juror withdrawn and declared a mistrial and continued the case.

The defendant contended that the action of the court in withdrawing a juror from the panel and declaring a mistrial and thereupon continuing the cause amounted to the entering of an order of involuntary non-suit and that the Civil Court of Record then lost jurisdiction of the cause. The practice of withdrawing a juror and declaring a mistrial is followed in some States, but it can serve no useful purpose to discuss that practice because it does not obtain in Florida in cases where proceeding with the trial becomes dangerous or inconvenient to the plaintiff by reason of conditions or causes chargeable only to the plaintiff. A plaintiff's right to take voluntary non-suit before the jury retires has long been recognized in this State. Section 2690 R. G. S., 4357 C. G. L. See Pitt v. Abrams, 103 Fla. 1022, 139 Sou. 152; West Coast Fruit Co. v. Hackney, 98 Fla. 382, 123 Sou. 758; National Broadway Bank v. Lesley, 31 Fla. 56, 12 Sou. 525; Ropes v. Eldredge, 39 Fla. 47, 21 Sou. 570.

In this case there was no showing made that would warrant a continuance. The record showed that the plaintiff and not the defendant was responsible for the position in

which the plaintiff found himself. Under the state of the record the trial court would have been justified in allowing plaintiff to take a non-suit without prejudice to the institution of another suit on the same cause of action, because the matter arose before the jury retired and if that course had been pursued the court would have lost jurisdiction of the cause at the conclusion of the Term, provided final judgment of non-suit had been entered. Ropes v. Eldredge, *supra;* Mizell Livestock Co. v. McCaskill, 57 Fla. 118, 49 Sou. 501; and because such entry of non-suit is not a final judgment, without something more than the mere entry of non-suit, writ will not lie to review it. See Goldring v. Reid, 60 Fla. 78, 53 Sou. 503, in which it was said:

"The judgment should state that the action is dismissed or that the defendant go hence without day, or that the plaintiff take nothing by the action, or other equivalent expressions adjudicating that the action as instituted is at an end."

The record here shows that the Civil Court of Record merely committed an error, but did not lose jurisdiction of the cause. If the court had entered an order of non-suit without a judgment as above indicated, it would have retained jurisdiction of the cause and could have set aside and vacated the order of non-suit. See Whitaker v. Wright, 100 Fla. 282, 129 Sou. 889; and Whitaker v. Wright, 98 Fla. 500, and 123 Sou. 857.

It being admitted that the Civil Court of Record had jurisdiction of the subject matter and of the parties at the time which those matters occurred hereinabove referred to, and it further appearing that no final judgment was entered disposing of the case, it necessarily follows that the Civil Court of Record retained jurisdiction of the subject matter and the parties and, therefore, the judgment of the Circuit

Court refusing to grant rule *nisi* in prohibition was without error.   Such judgment should be and is affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.