164 So.2d 252 (1964)
Walter DOBSON, Appellant,
v.
Gary Lamar CREWS, a minor by Harold Edward Crews, as his next friend, and Harold Edward Crews, individually, Appellees.
No. E-202.
District Court of Appeal of Florida. First District.
April 7, 1964.
Certified May 11, 1964.
*253 James C. Rinaman, Jr., of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellant.
Evans, Stewart & Proctor, Jacksonville, for appellees.
Certified to Supreme Court of Florida May 11, 1964.
MASON, Associate Judge.
This is an appeal from a final judgment of nonsuit and for costs entered by the Circuit Court in and for Baker County, taken on March 11, 1963. Appellees brought a *254 tort action against appellant and a codefendant seeking damages for personal injuries alleged to have been caused as a result of the negligence of appellant and his codefendant. The issues were raised by the pleadings, and extensive discovery procedures, including interrogatories and depositions, were taken between the parties over a year's period. The case came on for trial with counsel for all parties present, a jury was impaneled and sworn to try the issues of fact raised by the pleadings, and immediately thereafter appellees moved for a nonsuit. Thereupon appellant Dobson moved the court to enter judgment with prejudice against appellees. The motion was denied with the trial judge stating that he recognized the taking of the nonsuit by appellees-plaintiffs and declaring that he would enter a judgment for appropriate costs against them. He discharged the jury by announcing to it that a nonsuit had been taken. Thereafter appellant Dobson filed praecipe for the taxing of costs in the total amount of Three Hundred Fifty-five Dollars and Ninety-nine Cents ($355.99), which included expenses for the taking of certain depositions by him. The trial judge taxed costs against the appellees-plaintiffs in the sum of One Hundred Sixty-four Dollars and Fifty-six Cents ($164.56), but disallowed the expenses incurred in connection with the taking of the depositions. The assignments of error raise the question as to whether or not the lower court erred in permitting appellees-plaintiffs to take a nonsuit without judgment on the merits against them, and in denying appellant's motion for the entry of a judgment of dismissal with prejudice. The answer to this question is inherent in the answer to the question as to whether or not a plaintiff is entitled, as of right, to take a voluntary nonsuit under the 1954 Rules of Civil Procedure, 1962 Revision, and without prejudice.
This Rule as promulgated by the Supreme Court in 1954, and before it was revised in 1962, was identical with Common Law Rule 35, and contained the following language at the end of Paragraph (b) dealing with involuntary dismissals, viz.: 
"except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute."
But, when the Rule was revised in 1962, this language was omitted entirely from it. Appellant argues that the omission of this exception from the Rule upon its revision indicates an intention on the part of the court to abolish all statutory nonsuits. It is evident, however, that this language of limitation upon the operation of Rule 1.35, 30 F.S.A., as included in the 1954 version, and in Common Law Rule 35, because of its position at the end of the paragraph of the Rule entitled "(b) Involuntary Dismissal; Effect Thereof," is a limitation upon the operative effect of the Rule as it applies to the character of dismissals dealt with by that paragraph only, viz.: involuntary dismissals. It should not be construed to have been a limitation upon the operation of the Rule upon voluntary dismissals which are dealt with in Paragraph (a). Therefore, the removal of the quoted language from Paragraph (b) when the Rule was revised in 1962 cannot be construed as affecting other paragraphs of the Rule, and does not support appellant's claim that all statutory nonsuits are abolished for that reason.
We are importuned by appellant in this appeal to hold that all common law and statutory nonsuits have been abolished in Florida by Rule 1.35 as it now stands. He would have us to hold that such nonsuits, both of a voluntary and involuntary character, have been so abolished. However, we are concerned in this appeal only with a nonsuit of a voluntary character, and the sole question to be decided is whether the trial court erred in permitting the plaintiffs below to take a voluntary nonsuit without order of court and subject to conditions fixed by the court. To decide this issue it is not necessary for us to pass upon the question as to whether all common *255 law and statutory nonsuits have been eliminated by Rule 1.35, but only whether a nonsuit of the character involved in this appeal may be taken by a plaintiff without compliance with said Rule.
Perhaps it would be edifying to the members of the Bar for this Court to pontificate and express an opinion as to whether all common law and statutory nonsuits have been done away with, but any such expression beyond that necessary to decide the narrow issue involved in this appeal would be pure obiter dictum, and of no value to members of the Bar as a guide for future litigation. It is the view of the writer of this opinion that an appellate court should confine its opinion to those statements of legal principles necessary for the solution of the particular question or questions involved in the appeal under consideration. Courts of law are established for the sole purpose of deciding issues before them arising from litigated cases and should limit pronouncements of the law to those principles necessary for that purpose. They are not designed to render advisory opinions on abstract questions of law. Judicial pronouncements which are obiter dicta in character more often serve to confound than to clarify the jurisprudence of the State. We confine our decision herein to the determination of the questions as to whether the common law and statutory voluntary nonsuit has been abolished in Florida, and to whether the right of a plaintiff to a voluntary dismissal is governed solely by the provisions of Rule 1.35, 1954 Rules of Civil Procedure, 1962 Revision.
Prior to the adoption of these rules the right of a plaintiff to take a nonsuit was determined by the common law and by Section 54.09, F.S. 1963, F.S.A. The Florida statute is but a recognition of the existence of the common law right of a plaintiff to be nonsuited. This statute provides that "No plaintiff shall take a nonsuit on trial unless he do so before the jury retire from the bar," and under it the case law of Florida has established the rule that a plaintiff is entitled, as of right, to take not only a voluntary nonsuit but also a compulsory or "involuntary" nonsuit, that is, one which is prompted by an adverse ruling of the court which is preclusive of a recovery by the plaintiff in the case at bar (Crews et al. v. Woods et al., Fla., 59 So.2d 526, and cases cited therein).
At common law, before the enactment of the statute of 2 Hen. IV. C. 7, a plaintiff had a right to be nonsuited at any stage of the proceedings he might prefer, and this right continued to the last moment of the trial, even after verdict rendered; or, where the case was tried before the court without the intervention of a jury, until the judge had pronounced his judgment. (Outwaite v. Hudson, 7 Exch. 380; Robinson v. Lawrence, Id. 123; Keat v. Barker, 5 Mod. 208). By the statute of 2 Hen. IV, supra, the right of the plaintiff to a nonsuit was taken away after verdict, but existed at all times before verdict. (National Broadway Bank of City of New York v. Lesley, 31 Fla. 56, 12 So. 525). This was the status of the common law rule when our statute (59.09, F.S.), was enacted in 1828, and which is found at page 835, Sec. 103 of McClellan's Digest. This statute recognized the existence of a right to a nonsuit at common law, but provided that it had to be taken before the jury retire. The Supreme Court of this State has repeatedly recognized the right of a plaintiff to take a nonsuit under this statute, limited only by such requirement that it must be taken before the jury retire. (See National Bank of City of New York v. Lesley, supra; Goldring v. Reid et al., 60 Fla. 78, 53 So. 503; Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 So. 540; Tomasello v. Walton, 100 Fla. 710, 129 So. 840; State ex rel. L & L Freight Lines v. Barrs, 129 Fla. 668, 176 So. 756.) Some of the cases decided by that court involved voluntary nonsuits similar to the one announced by the appellees-plaintiffs herein, and others dealt with involuntary nonsuits. As the case law of Florida has developed under the statute, the principal difference *256 between a nonsuit designated as voluntary and one designated as involuntary is, the former is taken and granted in such situations as, for instance, when the plaintiff enters court unprepared or is not ready for trial, while the latter is prompted by a proposed adverse ruling of the court. It is evident that the one we are concerned with on this appeal is a voluntary nonsuit, for the plaintiff, in effect, after the jury was sworn announced a nonsuit, picked up his hat and left the courtroom.
Under the common law and the statute, a plaintiff is entitled to a voluntary nonsuit as a matter of right and no leave of court is necessary (National Broadway Bank of City of New York v. Lesley, supra; Hartquist v. Tamiami Trail Tours, 139 Fla. 328, 190 So. 533).
Prior to the enactment of Sec. 59.05, F.S. (Ch. 3583, Laws of Fla., Acts of 1885, Sec. 1), no writ of error could be taken to an order of nonsuit because it was not a final judgment. However, this statute was adopted to provide the plaintiff with a review by an appellate court on bill of exceptions of an adverse ruling which necessitated the taking of the nonsuit. It is evident that this statute applies only to involuntary nonsuits and has no applicability to the character of nonsuits taken by the appellees-plaintiffs herein. Therefore, the right of review given by this statute is not authority for the contention that statutory voluntary nonsuits still exist in Florida.
To decide this appeal we must determine if the common law and statutory voluntary nonsuit has been superseded by Rule 1.35, 1954 Florida Rules of Civil Procedure, 1962 Revision, and whether a plaintiff may have a voluntary dismissal of his action only in the manner prescribed by this rule. Under Art. V, Sec. 3 of the Florida Constitution, as amended in the general election of 1956, F.S.A., it is provided
"Sec. 3. The practice and procedure in all courts shall be governed by rules adopted by the supreme court" (26 F.S.A., Florida Constitution, Art. 5, Sec. 3).
The legislature has declared that when a rule is adopted by the Supreme Court concerning practice and procedure, and such rule conflicts with a statute, the rule supersedes and abrogates the statute to the extent of the conflict (F.S. 25.371, F.S.A.). The Supreme Court has held, in construing this statute in the light of the constitutional provision, supra, that a rule adopted by it pursuant to said provision supersedes any previous legislative enactment governing practice and procedure, to the extent that such a statute conflicts, or is inconsistent, with the rule (Jaworski v. City of Opa-Locka, Fla., 149 So.2d 33).
The Supreme Court adopted Rule 1.35 in 1954 and revised it in 1962. Under the Rule, as revised, dismissals of action are classified into two classes, viz.: Voluntary dismissals and involuntary dismissals. Voluntary dismissals are covered by Paragraph (a) of the Rule, and are of two sub-classes, those taken by the plaintiff without order of court and those at the plaintiff's instance, but only with order of court. As to dismissals by a plaintiff without order of court, Paragraph (a) (1) of the Rule provides that an action may be dismissed by the plaintiff without order of Court (i) by filing a notice of dismissal at any time before answer of the defendant, or motion for summary judgment, whichever occurs first, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Such a dismissal would be without prejudice, unless it was the second dismissal of the same cause of action, in which latter case it would operate as an adjudication upon the merits.
Paragraph (a) (2) provides for voluntary dismissal by order of court. It states that an action shall not be dismissed at the plaintiff's instance, save upon order of the court, and upon such terms and conditions as the court deems proper, unless the dismissal is before answer or motion for summary *257 judgment, or upon stipulation of the parties as provided in Paragraph (a) (1). Unless otherwise specified in the order, a dismissal under this paragraph is also without prejudice.
Involuntary dismissals are covered by Paragraph (b) of the 1962 Revision of Rule 1.35. This paragraph has to do with dismissals upon motion of a defendant either for failure of the plaintiff to prosecute or to comply with the rules or any order of court, or for failure of the plaintiff to establish his cause of action upon the completion of the presentation of his evidence. Such an involuntary dismissal operates as an adjudication upon the merits, unless the court in its order of dismissal otherwise specifies, or unless the dismissal is for lack of jurisdiction, or for improper venue, or for lack of an indispensable party.
The nonsuit in the case at bar was not taken before answer filed or motion for summary judgment made, nor upon stipulation of the parties. Neither was it taken "at the plaintiff's instance * * * upon order of the court and upon such terms and conditions as the court deems proper," as is required by Paragraph (a) (2) of the Rule. It was taken simply upon announcement of the plaintiff without leave of court first had and obtained and without an order which permitted such a dismissal of the action. It is evident that plaintiff attempted to nonsuit under the statute and that the trial court concluded that such could be done.
This Court speaking through Chief Judge Carroll in Roberts v. Roberts (Fla.App., 133 So.2d 421, 1961), construed the effect of a dismissal taken by a plaintiff in an equity suit, without order of court, and after the defendant had answered, and held that the plaintiffs were not entitled to a dismissal without such order of court under Paragraph (a) of Rule 1.35. The effect of the decision in Roberts is that once answer is filed a dismissal at the instance of the plaintiff may be had only with order of court, or by stipulation of the parties. This is true whether the suit be in equity or at law, and we hold that the statute (F.S. 54.09 F.S.A.) insofar as it permits the taking of a nonsuit at the plaintiff's instance after the answer is filed, or after motion for summary judgment is made without stipulation of all parties who have appeared in the action, and without an order of court first had, is inconsistent with Paragraph (a) of Rule 1.35, as revised in 1962; that it conflicts with such Rule, and is, therefore, to such extent, abrogated and superseded by the Rule. We further conclude that a voluntary nonsuit or dismissal may be effected only by compliance with the provisions of Paragraph (a) of Rule 1.35 of the 1954 Rules of Civil Procedure, 1962 Revision. The nonsuit announced by the appellees-plaintiffs herein after the jury was sworn to try the case was not taken or effected in compliance with said Rule, and although it was apparently recognized by the trial judge by his action in stating to the jury that a nonsuit had been taken by the plaintiffs, and his subsequent discharge of the jury, the dismissal was not had "upon order of court and upon such terms and conditions as the court deems proper," as is required by Paragraph (a) (2) of the Rule. The action was, therefore, not dismissed but was pending at the time appellant-defendant moved the trial court to dismiss it for failure of the plaintiffs to go forward with the trial of the case.
Our attention has been called by appellees to Rule 2.6(c) of the 1954 Rules of Civil Procedure, 1962 Revision, 31 F.S.A., and they contend that this Rule is authority for their position that the common law and statutory nonsuit is still recognized by the Supreme Court of Florida, as not having been eliminated by Rule 1.35. An analysis of Rule 2.6(c), however, clearly indicates that if it has any applicability to such character of nonsuits, it applies only to involuntary nonsuits, and not to a nonsuit taken voluntarily at the instance of a plaintiff who is not under compulsion of an adverse ruling by the court. This rule provides *258 that a party against whom an adverse ruling has been made on a motion for a nonsuit may have review of the ruling by an appellate court without taking exception to such ruling. It clearly indicates that it does not apply to a voluntary nonsuit taken at the instance of a plaintiff not under compulsion of an adverse ruling. We are not called upon here to pass upon the applicability of this latter rule to the question of the present right of a plaintiff to an involuntary nonsuit under the statute, for as we indicate herein it is not necessary for us to decide this question in this appeal.
We come now to the question of the right of the appellant-defendant to have an order of dismissal of the action because of the failure of the appellees-plaintiffs to proceed with the trial of the case, and whether the trial judge committed error in refusing to grant defendant's motion to dismiss with prejudice and to enter judgment for defendant. Rule 1.35 is almost word for word the same as Rule 41 of the Federal Rules of Civil Procedure and our Supreme Court has held that interpretations of the Federal Rules by the Federal Courts are persuasive in interpreting similar provisions of Florida Rules of Civil Procedure (Savage v. Rowell Distributing Corp., Fla., 95 So.2d 415). The Federal Courts in construing Federal Rule 41 have generally held that the trial court does not abuse discretion in dismissing a suit on motion of the defendant in those cases where plaintiff seeks to discontinue his action, and where the effect of such voluntary dismissal would be to defeat justice, prolong litigation, or deprive the defendant of a substantial right. (Henjes v. Aetna Ins. Co., D.C.N.Y., 1941, 39 F. Supp. 418; Delahanty v. Newark Morning Ledger Co., D.C.N.J., 1939, 26 F. Supp. 327; Cincinnati Traction Bldg. Co. v. Pullman-Standard Car Mfg. Co., D.C. Del., 1938, 25 F. Supp. 322; Shaffer v. Evans, C.A.10th, 263 F.2d 134, cert. denied 359 U.S. 990, 79 S.Ct. 1119, 3 L.Ed.2d 978). In the last cited case the action had been pending for six months prior to a motion by plaintiff to dismiss without prejudice, pre-trial preparation had been made by the defendant, a pre-trial conference held and the case ready for trial. The trial court denied plaintiff's motion and dismissed the action with prejudice, and the appellate court held his action not an abuse of discretion.
In Wellgoss v. End, 112 So.2d 390, District Court of Appeal of Florida, Third District, decided 1959, a chancery suit where jury trial was set under such circumstance as to authorize it, the plaintiff's counsel, on the morning of the trial and before the jury was impaneled, requested a voluntary nonsuit on the ground that his client had wired him the afternoon before from California, stating she was ill and requesting continuance for 90 days. The trial court denied the request and granted defendant's motion for dismissal with prejudice. The District Court held that the chancellor had not abused his discretion either in refusing the nonsuit or in dismissing the cause with prejudice, stating that in a chancery proceeding plaintiff did not have absolute right to a voluntary dismissal after answer filed, under Rule 1.35(a) (1) (i). (Welgoss v. End, Fla.App., 112 So.2d 390.)
We have stated herein that a plaintiff has no absolute right to a nonsuit or voluntary dismissal under Paragraph (a) of Rule 1.35 after answer is filed and the case ready for trial, and we hold that it differs not whether the proceeding is an action at law or a suit in equity. In the case at bar the trial court would not have abused his discretion, under authority of Welgoss, supra, had he refused to recognize the nonsuit attempted to be taken by plaintiff, and had he dismissed the action with prejudice. We hold that he erred in permitting the nonsuit to be taken under the circumstances reflected in this record, and that he should have dismissed the action with prejudice. The plaintiffs below gave no reason for the nonsuit and they should have been required to proceed with the trial in the absence of a showing why *259 they should not so proceed. Paragraph (b) of the Rule specifically provides that for failure of the plaintiff to prosecute, a defendant may move for dismissal of the action against him. We believe that there is implicit in this provision the obligation of the trial judge to grant such a motion where no reasonable and legitimate excuse is given by a plaintiff for not going forward with the presentation of his evidence, particularly after the jury has been impaneled and sworn. A plaintiff should not come up to the judicial trough and not be required to drink therefrom without valid excuse. Any other conclusion would permit a litigant to trifle with the processes of the court and to make a mockery of the administration of justice.
If a plaintiff has just cause for continuance of the trial, or if there is valid and reasonable excuse even for dismissal, ample provision is made under Paragraph (a) of the Rule for him to apply to the court for the same, and to have one of the other of such requests granted by order of court, but upon such terms fixed by the court which, in the judgment of the court, will protect the rights of, and not do injustice to, the defendant.
The purpose of the Rules of Procedure is to expedite the disposition of causes of action with fairness and justice to all the parties. The Supreme Court so stated this purpose in this language,
"These rules shall be construed to secure the just, speedy and inexpensive determination of every action" (Rule A. Scope and Titles of Rules, 1954 Rules of Civil Procedure).
The spirit, as well as the letter of these Rules, is violated when a plaintiff is permitted to take the course of action these plaintiffs took herein, with the tacit approval of the presiding judge.
In reaching the conclusion just expressed we are not unmindful of F.S. Section 45.19, F.S.A., which provides for the abatement of an action for failure to prosecute for a period of one (1) year. Appellees suggest that dismissal for want of prosecution may only be had under this statute and that such dismissal may be only without prejudice. However, we are of the opinion that the statute and the Rule operate in different areas with reference to dismissal for want of prosecution. It is evident that the purpose of the statute is to expedite the course of litigation and to keep court dockets as near current as possible (Ivy H. Smith v. Moccia, Fla., 59 So.2d 629), and to speed decision of disputes by penalizing those who would allow their litigation to become stagnant (Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189), and that, therefore, the statute is designed to deal with suits prior to the actual time of trial. Dismissal under the statute does not amount to an adjudication upon the merits and does not bar a subsequent action on the subject matter. It is our view that a logical construction of the Rule is that it is designed, among other things, to deal with the situation where a plaintiff fails or refuses to go forward with his case when the circumstances demand that he do so, such as those evident in the case at bar. Under such circumstances a dismissal under the Rule is with prejudice and operates as an adjudication on the merits, unless the court in its order for dismissal otherwise specifies. (See Zukor v. Hill, Fla., 84 So.2d 554, for a discussion of the operation of the statute and the Rule.) Where a plaintiff sits by and permits a jury to be impaneled and sworn without offering any valid reason for not going forward with the trial, the Rule becomes operative and the trial court would, in our judgment, abuse his discretion were he to dismiss upon a defendant's motion, but without prejudice. In the case at bar, the trial court refused to grant defendant's motion with prejudice, and by this action we conclude that he erred.
We reverse, and remand with directions to the trial court to vacate the judgment of nonsuit and costs, and to enter a judgment *260 on the motion of appellant-defendant, Dobson, dismissing the action with prejudice and with defendant's costs against plaintiffs, in such sums and for such items as are proper.
Reversed and remanded.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.