BARNS, PAUL D., Associate Judge.
Petitioners seek a common law writ of certiorari to review an order made on the eve of trial granting plaintiff-respondent’s motion or election to take a voluntary nonsuit. No final judgment appears to have been entered or applied for. We fail to find grounds for certiorari and the petition is denied since petitioners have an adequate remedy by appeal after entry of a final judgment.
The order sought to be reviewed on certiorari is based on the announcement of plaintiff-respondent’s attorney stating in open court, when the case was called for trial, “The plaintiff at this time elects to take a voluntary nonsuit in this matter.” Thereupon, the defendants (petitioners here) moved the court for “an order of dismissal with prejudice.” The trial judge at that time granted plaintiff a nonsuit and denied defendants’ motion. A formal order to the same effect was later entered reserving the taxation of cost against plaintiff for later determination as to amount; the material portion of which formal order, making of record the action at trial, provided:
“Ordered and adjudged that the defendants’ motion for dismissal with prejudice be, and the same hereby is, denied and plaintiff’s motion for voluntary nonsuit pursuant to Section 54.09, Florida Statutes, be and the same hereby is, granted; * *
An order or ruling granting or allowing a nonsuit is interlocutory and not *244 a final judgment and such nonsuit is not reviewable on appeal in the absence of, and appeal from, a final judgment of dismissal. State ex rel. L & L Freight Lines v. Barrs, 129 Fla. 668, 176 So. 756; Whitaker v. Wright, 100 Fla. 282, 129 So. 889; Downing v. Weaver-Laughridge Lumber Co., 94 Fla. 1096, 114 So. 666; Goldring v. Reid, 60 Fla. 78, 53 So. 503; Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla. 118, 49 So. 501. Cf. Conner v. Wagner, Fla.App.1961, 135 So.2d 441; Greene v. Trash Hauling Co., Inc., Fla.App.1963, 154 So.2d 726; Dodson v. Crews, Fla.App.1964, 164 So.2d 252; Bennett v. Fratus, Fla.App.1964, 164 So.2d 827.
The foregoing cases clearly show that an appropriate and regular way to conclude a case nonsuited is to procure the entry of a final judgment from which judgment an appeal may be taken “as a matter of right,” Section 5(3) of Article V of the Constitution, F.S.A., and the right to appeal does not depend on whether the nonsuit was voluntary or involuntary or whether the granting of the nonsuit was proper or improper. However, these factors may influence the success of the appeal when the appeal is determined on its merits.
6 Encyclopedia of Forms, 878, citing an Alabama case, states that a proper form of a final judgment by reason of nonsuit is:
“This day came the parties by their attorneys, and the plaintiffs voluntarily suffered a nonsuit. It is therefore considered by the Court, that the defendants go hence, and recover of the plaintiffs their costs in this behalf expended.”
The classical operative words of a final judgment for the defendant at common law were that the “plaintiff take nothing by his writ” and that the “defendant go hence without day;” dismissals of actions at law were not then in use, as they are today. A mere nonsuit at trial is not a final judgment; and until one is entered, the case is still pending.
The practice of plaintiffs “suffering” a nonsuit is derived from the ancient trial practice in actions at law when not in re-plevin. It was unknown to the equity practice, not even in the trial of a feigned issue in equity before a jury.
As stated by Blackstone’s Commentaries (11th Ed. 1791), “from the time of the defendant’s appearance in obedience to the King’s writ, it is necessary that both the parties be kept or continued in Court from day to day, till the final determination of the suit. For the Court can determine nothing, unless in the presence of both the parties, in person or by their attorneys, or upon the default of one of them, after his original appearance, at a time prefixed for his appearance in court again.” Ill Blackstone’s, p. 315-316. Blackstone further states that the practice at trial was that before the jury verdict could be received by the court “the plaintiff is bound to appear in the court, by himself, attorney, or counsel, * * * and if the plaintiff does not appear, no verdict can be given, but the plaintiff is said to be nonsuited, non se-quitur clamorem suum. Thereupon it is usual for a plaintiff, when he or his counsel perceives that he has not given evidence sufficient to maintain his issue, to be voluntarily nonsuited, or withdraw himself: whereupon the crier is ordered to call the plaintiff, and if neither he nor any body for him appears, he is nonsuited, the jurors are discharged, the action is at an end, and the defendant shall recover his cost.” A voluntary nonsuit is one ordered against a party-plaintiff who has affirmatively sought it; and an involuntary nonsuit is one which is ordered against a defaulting party-plaintiff who has not affirmatively sought it. But, “after a nonsuit, which is only a default, he may commence the same suit again for the same cause of action. * * * ” III Blackstone, ib. p. 376-377.
*245 “III Blackstonc’s, p. 316, supra, states:
“ * * * And, after issue or demurrer joined, as well as in some of the previous stages of proceeding, a day is continually given and entered upon the record, for the parties to appear on from time to time, as the exigence of the case may require. The giving of this day is called the continuance, because thereby the proceedings are continued without interruption from one adjournment to another. If these continuances are omitted, the cause is thereby discontinued, and the defendant is discharged fine die, without a day, for this turn: For by his appearance in court he has obeyed the command •of the king’s writ; and, unless he be adjourned over to a day certain, he is no longer bound to attend upon that summons; but he must be warned afresh, and the whole must begin de novo.”
A plaintiff who appeared and prosecuted his case according to the course and practice of the court might suffer a voluntary nonsuit or an involuntary nonsuit, but could not be subjected to a compulsory nonsuit when he was not in default. As stated in 2 Tidd’s Practice, p. 796, “The plaintiff in no case is compellable to be nonsuited; and therefore, if he insist upon the matter being left to the jury, they must give their verdict, * * * ” Tidd’s authority proscribing a compulsory nonsuit against a plaintiff not in default is Watkins v. Towers, 1788, 2 T.R. 275, 281; 100 English Reports (full reprint) 150. From the foregoing authorities, it is evident that a plaintiff could procure a nonsuit at any time before the verdict of the jury was accepted; trials were on assize,, away from the seat of the court, and the judgments on nonsuits as in all cases of the King’s Bench, were after-wards entered in Westminster, the seat ■of the court, to make the record complete.
To remedy a deficiency in the common law on voluntary nonsuits, in 1828 a statute was enacted providing that “No plaintiff shall take a non-suit on trial unless he do so before the jury retires from the bar,” which law has been retained and is now section 54.09 Florida Statutes Annotated (1963). The intent and purpose of Section 54.09, supra, was not to create the practice and procedure for nonsuits; its intent and purpose was to restrict the then well-recognized nonsuit practice by fixing a time after which a voluntary non-suit was not to be allowed.
The petition for certiorari is denied. See Florida East Coast Railway Co. v. Smith, Fla.App.1964, 166 So.2d 233, Case No. 4065, opinion filed July 1, 1964.
SMITH, C. J., and SHANNON, J., concur.