MAGER, Judge.
This is an interlocutory appeal by plaintiffs-appellants, Sydney E. Coon and Norma S. Coon, his wife, and Syd-Nor, Inc., from an order entered on December 21, 1970, denying plaintiffs’ motion for a temporary injunction against L. Pharr Abner, Trustee, defendant-appellee.
On October 19, 1970, plaintiffs filed suit in the Circuit Court of Dade County seeking to cancel a promissory note and mortgage on the grounds that the said transaction was usurious (hereinafter referred to as the Dade suit). On the same date the suit was dismissed because of improper venue. Thereafter on November 3, 1970, plaintiffs filed a similar suit involving the same parties in the Circuit Court in Orange County (hereinafter referred to as the Orange suit). Plaintiffs moved for a temporary injunction to enjoin the enforcement of the alleged usurious security instruments until such cause could be disposed of upon its merits by the trial court in Orange County. Hearing on the application for temporary injunction was continued until December 3, 1970. Prior to such hearing in the Orange suit (on November 20, 1970), *628 plaintiffs filed a notice of interlocutory appeal for the purpose of reviewing the order of dismissal entered in the Dade suit.
At the time the Orange suit was heard (December 3) an interlocutory appeal was pending in the Third District Court of Appeal in the Dade suit. On December 21, 1970, the trial judge in the Orange suit denied plaintiffs’ motion for temporary injunction, “the court finding that it has concurrent jurisdiction of said cause with said ‘(Dade)’ court but because of such ‘(Dade)’ appeal it does not have jurisdiction to enter said temporary injunction”. We are of the opinion that the trial court’s order is correct and should be affirmed.
The general rule relating to priority in courts of concurrent jurisdiction is well stated in 8 Fla.Jur., Courts, § 121, p. 398, as follows:
“Where two courts have concurrent jurisdiction in any proceeding, the power to entertain the action attaches exclusively to that court which first exercises jurisdiction in the matter. And that court will ordinarily retain such jurisdiction for the purpose of deciding every issue or question properly arising in the case. In fact, when a court of concurrent jurisdiction acquires it before any other court, its jurisdiction then becomes exclusive, and prohibition will lie to restrain interference therewith. This has been the rule since territorial times, the courts reasoning that the tribunal which first acquires jurisdiction should be permitted to retain it to the termination of the cause.” (Emphasis supplied.)
See also Hunt v. Ganaway, Fla.App.1965, 180 So.2d 495, and Hogan v. Millican, Fla.App.1968, 209 So.2d 716.
The filing of the complaint in the Dade suit vested that court with the authority to proceed to the exclusion of any other court of concurrent jurisdiction, and specifically to the exclusion of the Court in the Orange suit. While it is true that at the time the Orange suit was instituted the cause in the Dade suit stood dismissed, the filing of the notice of interlocutory appeal in the Dade suit effectively continued the jurisdiction first attached in the Dade suit. The general rule is “that once a party is in court through legal process or by appearance, he is in legal contemplation before the court until final disposition of the cause. This rule will be applied even though the defendant has filed a new suit based upon the same cause of action.” 8 Fla.Jur., Courts, § 58, p. 326, citing Whitaker v. Wright, 1930, 100 Fla. 282, 129 So. 889. Such jurisdiction, although perhaps no longer being exclusively in the trial court in Dade County, was, at least, transferred to the Third District Court of Appeal by the filing of the notice of interlocutory appeal, thereby precluding further proceedings in the Orange suit.
“An appeal duly taken transfers jurisdiction of the cause to the appellate court. Such an appeal, whether with or without supersedeas, divests the trial court of the power to finally dispose of the cause by dismissal or otherwise so as, in form or effect, to interfere with the power and authority of the appellate court.” 2 Fla.Jur., Appeals, § 136, p. 475.
Consequently, the fact that the plaintiff did not seek a stay of proceedings (super-sedeas) in the Dade suit is immaterial inasmuch as the exclusive jurisdiction in the Dade suit was continuing, having been transferred to the appellate court, thereby divesting the trial court in the Orange suit of the power to entertain an application for injunctive relief.[1] Any other conclusion *629 would result in utter chaos in the disposition of litigation.
Accordingly, the action of the trial court is affirmed.[2]
Affirmed.
WALDEN and REED, JJ., concur.

. Plaintiff lias misplaced his reliance on the decision in State ex rel. Hendricks v. Hunt, Fla.1954, 70 So.2d 301, which observed in part that “while, in general, a tribunal first exercising jurisdiction over a cause will ordinarily retain it exclusively for the purpose of deciding every issue or question properly arising in the ease, there is nothing to prevent a court of concurrent jurisdiction from acting on the same subject matter at the same time, if the parties involved fail, by timely motion, to seek and procure a stay of proceedings in the subsequent action.” *629 (Emphasis added.) The Supreme Court recognized the authority of a juvenile court to enter an order regarding the custody of children even though a divorce proceedings between the same parties was pending in the circuit court. However, it is significant that no effort was made in the juvenile court proceedings to seek a stay based upon the pending proceedings in the circuit court. In the case sub judice the trial court, having been advised of the pending proceedings in the Dade suit, stayed the proceedings in that subsequent action to the same extent as if the parties thereto had filed a motion therefor.

. Plaintiff has selected his remedies; lie can either await disposition of the interlocutory appeal in the Dade suit or, if he so chooses, dismiss such appeal and renew his request for relief in the Orange suit, the decision in the latter case having been premised solely upon the pend-ency of proceedings in the Dade suit.