PER CURIAM.
Defendant-appellant, Norman Kasser, appeals a temporary injunction enjoining him from prosecuting a mortgage foreclosure action until determination of the instant suit.
Ralph Popkin, plaintiff-appellee, and Norman Kasser on May 5,1978 entered into two contracts (A & B for simplicity) wherein Popkin agreed to purchase from Kasser two contiguous parcels of real estate. On June 13 a closing was held as to the property described in contract A and Popkin executed a $38,000 note and purchase money mortgage in favor of Kasser. On June 29 Popkin appeared to close on the property described in contract B. Some difficulties arose between the parties over the terms of the contract and Kasser refused to close the transaction. Kasser’s failure to close precipitated Popkin filing the instant suit seeking declaratory judgment, reformation, specific performance and other relief. In addition, Popkin prayed that the expenses incurred with respect to contract B and the costs of the action be offset against the mortgage executed by him in favor of Kas-ser with regard to the property purchased in contract A. Shortly thereafter, Kasser *86 filed suit against Popkin to foreclose the $38,000 mortgage on the ground that Pop-kin did not make payment on July 13 as required under the mortgage terms. Thereupon, Popkin filed a motion for restraining order seeking to enjoin Kasser from proceeding with the mortgage foreclosure suit on the ground that both lawsuits involve the interrelated purchase of real property. After a hearing the trial judge entered a temporary injunction restraining Kasser from prosecuting the mortgage foreclosure suit until further order of court upon Popkin posting a $39,000 bond. Thereafter, Kasser moved to dissolve the temporary injunction. The motion was denied and Kasser appeals this denial order.
We find no error in the order denying the motion to dissolve the temporary injunction as Kasser has failed to demonstrate that the two real estate contracts involving contiguous parcels of property were not related or connected. The record reflects to the contrary as the contracts, although referring to separate but contiguous parcels of property, involve the same parties and are related as evidenced by the memorandum of June 13 signed by Popkin and Kasser modifying both contracts dated May 5. The trial court having concurrent jurisdiction over both these actions, we find no abuse of discretion in the issuance of the temporary injunction. Cf. Coon v. Abner, 246 So.2d 627 (Fla. 4th DCA 1971) and cases cited therein.
We also considered Kasser’s second point on appeal and find no merit therein.
Affirmed.