439 So.2d 336 (1983)
Martin Z. MARGULIES, Appellant/Petitioner,
v.
The Honorable David L. LEVY, Judge of the Circuit Court of the 11TH Judicial Circuit in and for Dade County, Florida; the Honorable Frederick N. Barad, Judge of the 11TH Judicial Circuit in and for Dade County, Florida, Respondents, and Regina Tisiker Margulies, Appellee/Respondent.
Nos. 83-517, 83-525.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Floyd, Pearson, Stewart, Richman, Greer & Weil, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Aaron Podhurst, Miami, for appellant/petitioner.
Sams, Gerstein & Ward, Greene & Cooper and Marc Cooper, Miami, for appellee/respondents.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
Martin Margulies, the petitioner in a dissolution action, alternatively appeals from an interlocutory order vacating a previously entered interlocutory order which affirmed the validity of an antenuptial agreement; or seeks review of the second order by certiorari; or seeks a writ of prohibition forbidding the judge from entering the second order. Margulies also seeks a writ of prohibition forbidding the successor judge from revisiting the issue of the validity of the antenuptial agreement.
Interlocutory orders are modifiable by the trial judge at any time before entry of a final judgment. Whitaker v. Wright, 100 Fla. 282, 129 So. 889 (1930); Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924); Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970). The order in question is a non-appealable interlocutory order over which we have no jurisdiction. We decline to grant the extraordinary relief requested. See Shapiro v. Shapiro, 432 So.2d 739 (Fla. 4th DCA 1983).
Appeal dismissed. Certiorari denied. Prohibition denied.